Hanford, District Judge.
On the 14th day of August, 1891, the steamer Rapid Transit, with' a cargo consisting principally of lime on board, suffered damage by fire in the liarbor of Seattle, and was, by the fire department of the city, beached and scuttled for the purpose of extinguishing the flames. The sinking of the steamer caused a total destruction of the lime, but that was the only method by which a total loss of the vessel, as well as the cargo, could have been prevented; and it was effective. The libelants owned the lime which was destroyed, and this suit was instituted by them to recover the full value thereof upon their contracts of affreightment.
Section 4282, Rev. St. U. S., provides that—
*321 “ NTo owner of any vessel shall be liable to answer for or make good to any person any loss or damage which may happen to any merchandise whatever, which shall be shipped, taken in, or put on board any such vessel, by reason or by means oí any lire happening to or on board the vessel, unless such lire is caused by design or neglect of such owner.”
The claimant purchased the vessel after the fire, and he claims the protection of this statute on the ground that if the former owners are. by its terms, shielded from liability upon their contracts, the vessel is also entitled to immunity from proceedings in rein. I find that there is in the proofs absolutely nothing to support an accusation against the owners of any intentional act or negligence which could have been the cause of the lire and consequent injury to the vessel and her cargo; therefore the statute affords a complete defense as against the claim originally put forth by the libelants.
The libelants, however, after a total failure to sustain their original claims for the full value of the limo because of the breach of the contracts of affreightment, have taken a departure, and now assert that they are entitled to recover a portion of their losses upon a basis of general average. All the facts essential to a recovery in general average, additional to the allegations contained in tlxo libels, are set forth in the answer. The objection, therefore, that the allegations of the libelants arc insufficient to make a case of general average is technical, rather than substantial. 1 hold that, although there has been a radical departure, the case as now developed is one in which the court may lawfully apportion the losses sustained among the losers. It is expedient for all the parties to have their differences growing out of the transaction alleged in the pleadings, and which are cognizable in a court of admiralty, fully determined in tlie present suit, rather than bear the additional expense and sutler the delay incidental to commencing anew; and it is competent for the court to decree “upon the whole matter before it, taking care to prevent surprise, by not allowing either party to offer proof touching any substantive fact not alleged or denied by him.” Dupont de Nemours v. Vance, 19 How. 173.
There is a conflict of authority upon the question as to the right of an owner of merchandise which has been, while being carried as freight upon a vessel, destroyed or damaged by water in consequence of a fire happening on board the vessel, to partial compensation in general average. The arguments for and against the validity of such a claim are very concisely and clearly slated, and the authorities are collated in the learned opinion of Judge Junkets in the ease of The Roanoke, 46 Fed. Rep. 297. Rather than indulge in further discussion of the subject, I will rest my decision upon the authority of that case, and the decisions which it follows.
From the evidence I find that the value of the steamer immediately before the fire was $10,000, and the values of different portions of her cargo were as follows: Lime, §1,825; oats, $205; hose, $880; total value of vessel and cargo, $12,410. I also find from the evidence that the value of the steamer in her condition and situation, immediately *322 after the fire had been extinguished, was $2,000. In addition to this sum, the oats and hose were saved, making the total value of property saved $2,585. There was lost to the owners of the steamer by damages to the steamer $8,000.; pending freight, $218.50. The libelants Deming & Burntrager lost 700 barrels of lime, worth $700; the Tacoma Trading Company, 1,000 barrels, worth $1,000; and the libelant A. L. Aiken, 125 barrels, worth $125; total amount of losses, $10,043.50. On this basis the adjustment will be decreed.
The libelants claim that the amount received by the owners of the steamer upon policies of insurance should be added to the value of what was saved to them, for the purpose of increasing the fund to be distributed. But this cannot be allowed. The supreme court of the United States has, after full consideration and due deliberation,, in a series of decisions definitely held that insurance is not a part of an owner’s interest in a ship. The City of Norwich, 118 U. S. 468, 6 Sup. Ct. Rep. 1150; The Scotland, 118 U. S. 507, 6 Sup. Ct. Rep. 1174; The Great Western, 118 U. S. 520, 6 Sup. Ct. Rep. 1172. Although four of the judges who participated in the disposition of these cases, in carefully prepared and well-reasoned opinions, dissented, the decisions are declarations of the law by the highest court of this country, and the question is now settled. Butler v. Steamship Co., 130 U. S. 558, 9 Sup. Ct. Rep. 619. It would be unbecoming for this court-to hear from counsel arguments questioning the justice of the law as it has been so declared. I therefore declined to hear arguments upon this point, for the reason that these decisions cannot be, by this court, overruled or disregarded.
Considering the failure of the libelants to sustain the allegations made in their pleadings, and the fact that the expenses of the ease have been greatly increased by the introduction on their part of evidence which is wholly immaterial, and the further fact that no attempt was made to obtain an adjustment in general average before commencing the suit, it is my opinion that it would be unfair to award them full costs. The decree will reqpire each party to pay all fees and expenses of his own witnesses. No proctor fee will be taxed, and the libelants will pay one third and the claimant two thirds of all the other fees and costs.