### THE E. A. SHORES, JR.

#### MANEGOLD et al. v. THE E. A. SHORES, JR.

(District Court, E. D. Wisconsin. April 12, 1897.)

1. COSTS IN ADMIRALTY—DISCRETION OF COURT.

In admiralty, as in equity, the prevailing party is generally entitled to costs, but they do not necessarily follow the decree, and are always, in the exercise of a sound discretion, to be allowed, withheld, or divided according to the equities.

2. SAME.

Where a libel was not sustained on the primary issue, but was retained on a further issue, including a claim for general average, which was afterwards conceded and arranged by the claimants, held, that the cause was one for an apportionment of the costs, in the court's discretion.

This was a libel in admiralty by Charles Manegold, Jr., and others against the propeller E. A. Shores, Jr., to recover for loss of cargo by stranding.

Van Dyke, Van Dyke & Carter, for libelants.

M. C. Krause, for claimant.

SEAMAN, District Judge. The hearing upon this libel resulted in a decision that the stranding of the vessel was not due to want of diligence in respect of seaworthiness or equipment, and that the shipper was barred from a general recovery for loss of cargo by the act of February 13, 1893, called the "Harter Act," but the questions of liability for refusal to deliver the wheat at Racine and of allowance in general average were reserved for further hearing. The E. A. Shores, Jr., 73 Fed. 342. After the taking of considerable testimony before a commissioner, these matters were adjusted by agreement of the parties, the claimants paying the stipulated amount and certain expenses incurred therein, leaving open

the question of allowance of costs on the libel now presented to the court for determination. In admiralty, as in equity, the prevailing party is generally entitled to costs; but they do not necessarily follow the decree, and are always, within the sound discretion of the court, to be allowed, withheld, or divided according to the equities of the case. The claimants assert their right to full costs under the general rule, because the libel was not sustained upon the primary issue. If recovery by the libelants had depended solely upon the question of liability for the general loss on the cargo, due proximately to the stranding of the vessel, the libel would have been dismissed; and clearly the claimants would have been the prevailing party. Even in such case the allowance of costs would not conclusively follow, as there are equitable considerations which should be taken into account. The Sapphire, 18 Wall. 51, 57. The libelants had suffered loss upon their cargo, whereof safe delivery was promised by the contract of affreightment, and for which there was prima facie liability against the carrier, unless the cause of the stranding came within the exemptions specified in the contract, or was limited by the Harter act. This could be determined only upon hearing the proofs, which were mainly, if not wholly, within the cognizance of the carrier. The circumstances of the stranding (upon a well-known reef, without stress of weather or fog) are such that there was at least some justification for filing the libel, and it is not clear that a dismissal would operate to condemn the libelant for all costs. The Rapid Transit, 52 Fed. 320; The Olympia, Id. 985. Without passing upon that question, it is sufficient here that the libel was retained because of a further issue, including an allowance for general average which has since been conceded and arranged, and a case is presented which calls for just discretion as to the costs. Each party will bear the expenses for the witnesses attending on its behalf, and each must pay one-half of the costs for clerk, marshal, and stenographer, no proctor's fees being allowed. It is so ordered.