### THE MAURICE et al.

#### (District Court, E. D. Pennsylvania. May 21, 1904.)

#### No. 22.

1. ADMIRALTY—COSTS.
   Where a libel for collision is dismissed at libelant's costs, the libeled vessel being held without fault on a trial, it is entirely proper for the court to allow the respondent to tax all costs necessarily or properly incurred, including those incident to the bringing in of a new party under admiralty rule 59.

In Admiralty. On appeal from clerk's taxation of costs.

Horace L. Cheyney, for libelant.
Willard M. Harris, for the Maurice.

HOLLAND, District Judge.   James Stricker filed a libel against the tug Maurice for damages caused by a collision on the Schuylkill river.   Upon the petition of the owners of the Maurice, the city of Philadelphia was made a party defendant, under admiralty rule No. 59.   This case came on for final hearing in this court, and an opinion was filed on March 4, 1904, dismissing the libel at the cost of the libelant.   Bills of costs for both the tug Maurice and the city of Philadelphia were taxed by the clerk against the libelant in this case, and from this taxation an appeal was taken to the District Court; alleging that the respondents can only recover from the libelant costs incurred in defense of the libel, and not those incurred by them on the petition against the city of Philadelphia.

The costs in admiralty cases are entirely under the control of the court, and it is evident that no system of rules can be laid down in a matter so purely in the discretion of the court.   The general rule is that the costs follow the decree, but circumstances of equity or hardship or oppression or of negligence induced the court to depart from that rule in a great variety of cases.   Where a libel is filed, and the respondent is compelled to defend, he is entitled to avail himself of every defense the law allows him, and whatever costs may be incurred in his attempt to exonerate himself from damage, when he is successful, and the circumstances of the case show that he is entirely faultless, are chargeable to the party putting him to that expense; and it seems to the court entirely legitimate to include all costs, whether it be for the purpose of establishing his own faultlessness, or in showing that a third party, under rule 59, was to blame for the damage to the libelant.

The tug Maurice in this case is entirely exonerated from any fault whatever, and the judge, on final hearing, found that the barge, under the command of the libelant in this case, was to blame for the collision, and should therefore pay the costs.

The libelant's appeal from the taxation of costs by the clerk is dismissed.