### D. E. LOEWE & CO. v. LAWLOR et al.

(Circuit Court, D. Connecticut. June 9, 1904.)

#### No. 538.

1. ABATEMENT—PENDENCY OF ACTION IN STATE COURT—IDENTITY.

The pendency of a suit in a state court cannot be pleaded in abatement of an action in a Circuit Court of the United States to recover treble damages under section 7 of the anti-trust act (Act July 2, 1890, c. 647, 26 Stat. 210 [U. S. Comp. St. 1901, p. 3202]), since the state court is without jurisdiction to enforce the remedy given by said section, and therefore the same case cannot be depending in both courts.

2. ATTACHMENT—GROUNDS FOR DISSOLUTION—PRIOR ATTACHMENT IN STATE COURT.

Where the state statute provides for successive attachments of the same property, a prior attachment in a state court affords no ground for the discharge of an attachment in a federal court.

At Law. On demurrer to plea in abatement, setting up lis pendens in state court, and on motion to vacate attachments.

Davenport & Banks, for plaintiff.

Bristol, Stoddard, Beach & Fisher, De Forest & Klein, and Howard W. Taylor, for defendants.

PLATT, District Judge. It appears to be conceded that when suits are pending between the same parties for the same cause of action, and demanding the same relief, in the state and federal courts, which have concurrent jurisdiction in the same territory, and the federal jurisdiction is based upon diversity of citizenship, a plea in abatement alleging the pendency of one will be futile as against the other, upon the authority of Gordon v. Guilfoil, 99 U. S. 168, 25 L. Ed. 383, and many cases in line therewith in the lower courts.

The point is made in argument upon the plea herein that when diversity of citizenship is absent the reason for the rule departs.

To maintain in the case at bar that the state and federal courts are "in a sense" foreign to each other would require careful and conscientious study. The step from foreign relations to hostility is so easy to be taken, and the desire of the federal authority to promote and insure friendship and tranquillity by all honorable means is so great, that an unnecessary assertion of the inherent distinctions at-

¶ 1. Pendency of action in state or federal court as ground for abatement of action in the other, see note to Bunker Hill & Sullivan Mining & Concentrating Co. v. Shoshone Min. Co., 47 C. C. A. 205.

taching to its source of power should be declared only in the last instance.

Fortunately, the case in hand does not, from the court's point of view, demand such exhaustive examination. In the Sherman act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]) the Congress has established a new method of obtaining redress in a matter relating to interstate trade, over which its jurisdiction is plenary. It has directed the parties to the Circuit Court for the vindication of their rights.

Before sustaining the defendants' plea, it is obviously necessary to accept their preliminary contention that the state court can, in the trial of the cause therein pending, invoke section 7 of the antitrust act (Act July 2, 1890, c. 647, 26 Stat. 210 [U. S. Comp. St. 1901, p. 3202]), and under its authority assess treble damages. It is not believed that such power exists in the state court. Congress was dealing with a delicate problem when it gave us the Sherman act, and it would seem to have been the thought that since a subject was up over which the federal jurisdiction was absolute it would be well to intrust its exploitation to the federal judiciary. The care exercised is plainly exhibited when equitable relief was provided for in section 4 (26 Stat. 209 [U. S. Comp. St. 1901, p. 3201]), since such relief is further hedged about by the discretionary power afforded to the Attorney General.

The conclusion is easily reached. The same case is not depending in both courts. Watson v. Jones, 13 Wall. 679, 20 L. Ed. 666.

Having gone to this point, it is unnecessary to take up in detail the question of attachments. The rule of comity cannot be invoked unless the situation here will lead to conflict with the state court. No trouble about the res can arise. The attachment liens will be governed by the rules applicable to successive attachments under the state statutes, which furnish the rule of action for this court, since no federal statute governs the matter.

The demurrer to the plea in abatement is sustained, and the motion to vacate attachments is denied, at defendants' costs in each event.