### THE CHARLES TIBERGHIEN.

(District Court, S. D. New York. September 28, 1906.)

ADMIRALTY—COSTS—PARTY BROUGHT IN BY PETITION.

> The claimant of a libeled vessel, who for his own protection brings in a third party by petition under or by analogy to admiralty rule 59, is liable for the taxable costs and expenses of such new party in defending, where upon a hearing both the libel and petition are dismissed, and is not entitled to have such costs taxed to the libelant.

In Admiralty. On appeal from taxation of costs.
See 147 Fed. 307.

Wing, Putnam & Burlingham, for Arnhold, Karberg & Co.
Convers & Kirlin, for the Charles Tiberghien.

ADAMS, District Judge. This action was brought against the steamship Charles Tiberghien by Arnhold, Karberg & Company to recover the damages sustained through the loss of certain goods shipped at New York for the East. The steamship brought in the charterer, which probably would have been liable, if it had been decided that the libellants were entitled to recover, but the trial resulted in a decision that the goods alleged to have been lost were actually delivered to the libellants and both the libel and petition were dismissed. Thereupon the charterer taxed its costs against the steamship and the latter sought to tax the same against the libellants. The clerk rejected this claim, whereupon the steamship appealed.

The question is whether an unsuccessful libellant should be held responsible for the costs incidental to the bringing in of a third party by the claimant of a vessel.

The practice has uniformly been in this district to hold the party who brings in a third one, liable for the latter's costs where there is a dismissal of the petition. This is based on sound reasoning, inasmuch as the third party is brought in by and for the protection of the party invoking the remedy, under or by analogy to the 59th Rule. While there is much in the position of parties under some circumstances, to warrant the allowance of charterer's costs to the claimant of the vessel and it seems to be the practice in other districts (The Maurice, et al. [D. C.] 130 Fed. 634), it is a well established practice here to hold the original defending party liable to the third party when brought in by it, for the taxable expenses of defending the action, and I fail to see any reason to justify the charging of such expenses to the original libellant upon a dismissal of the libel and petition. If the libellant does not wish to run the risk of bringing the third part into the action and prefers to rely upon the original defendant, it does not seem just that he should be called upon to pay the expenses incurred when the third party is brought in for the protection of the second.

Costs are always in the discretion of the court and in some instances it might be proper to afford the relief here sought, but such discretion should not be exercised to impose the costs upon a libellant when the third party is brought in for the benefit of the second, whose defense could have been established, under the decision in this case, without the presence of the charterer as a third party.

The taxation is confirmed.