THE STARKE et al.

(District Court, E. D. Wisconsin. October 17, 1910.)

1. ADMIRALTY (§ 122*)—COSTS—DISCRETION OF COURT.

In admiralty, as in equity, the prevailing party is generally entitled to costs; but they do not necessarily follow the decree, and are always, in the exercise of a sound discretion, to be allowed, withheld, or divided according to the equities of the case.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 797–827; Dec. Dig. § 122.*]

2. ADMIRALTY (§ 122*)—COSTS—DECREE AGAINST PARTY BROUGHT IN.

The owner of a vessel, injured while passing through a drawbridge by striking the masonry, brought suit therefor against the towing tug. The claimant of the tug brought in the city which maintained the bridge, under the fifty-ninth admiralty rule, and it was held solely in fault and liable for the injury. Held, that the claimant of the tug was entitled to recover its costs from libelant, which was responsible for their being incurred.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 797–827; Dec. Dig. § 122.*]

---

In Admiralty. Suit by the Kensington Steamship Company against the tugs Starke and Welcome, Sophie Meyer and others, owners; the City of Milwaukee being impleaded. On settlement of final decree.

Brown, Ely & Richards, for libelant.
M. C. Krause, for Milwaukee Tug Line.
Clifton Williams, for City of Milwaukee.

QUARLES, District Judge. The question now raised involves the form of final decree. To fully comprehend this question it is necessary to keep in mind the several stages of this litigation. The Kensington Steamship Company libeled the tugs Starke and Welcome, and joined the owners as parties (to be hereafter designated as the "Tug Company"), alleging that the Tug Company was guilty of negligence in towing the steamship Kensington down the Milwaukee river through the draw of what is known as "State Street Bridge"; that by reason of the negligence of the Tug Company the steamship was impelled with great force against the masonry on the east side of the draw, which loosened the plate and otherwise injured the steamship. The Tug Company answered the libel, denying all negligence, setting up affirmatively that the tugs were properly equipped and manned, and that every precaution was taken to avoid collision, setting out fully the manner in which the tow was conducted through such draw. Thereupon the Tug Company, by its answer and petition, set up that the city of Milwaukee was guilty of negligence in leaving a projection in the wall of the east approach, which was concealed under the water and unknown to the Tug Company, with which said steamship collided as she was being carefully towed through said draw.

The city of Milwaukee was thus brought in under the fifty-ninth rule in admiralty, and made answer on the merits to the original libel and to the petition, denying all negligence in the premises. Thereupon the case was brought on for final hearing. The court decided that the city of Milwaukee, having sole control of the bridge in question, was guilty of negligence in allowing a projection to remain in the masonry of the draw of said bridge which was dangerous to vessels passing and repassing through said draw, and that the presence of such obstruction, concealed beneath the water, was the sole cause of the accident. The court held that a decree should be prepared awarding to the libelant, and against the city of Milwaukee, the full amount of damages which it had sustained by its proofs.

The question remaining unsettled, and now raised, is: What disposition should be made by the decree to reimburse the Tug Company for its costs and disbursements. It is the contention of the Tug Company that, as it was found guilty of no fault, it is entitled to its costs, either against the city of Milwaukee, the sole wrongdoer, or against the libelant. The contention of the libelant is that all costs should be taxed against the wrongdoer, and that there is no authority in such case for a recovery of costs against the successful libelant.

This appears to be a new question, for counsel are unable to cite any case exactly in point. It must be borne in mind that a court of admiralty follows the maxims of equity, frequently disregarding mere

matters of form when necessary to do justice in a particular case. In the case of The Maurice (D. C.) 130 Fed. 634, the court say:

"The general rule is that the costs follow the decree, but circumstances of equity, or hardship, or oppression, or of negligence, induced the court to depart from that rule in a great variety of cases. Where a libel is filed, and the respondent is compelled to defend, he is entitled to avail himself of every defense the law allows him, and whatever costs may be incurred in his attempt to exonerate himself from damage, when he is successful, and the circumstances of the case show that he is entirely faultless, are chargeable to the party putting him to that expense; and it seems to the court entirely legitimate to include all costs, whether it be for the purpose of establishing his own faultlessness, or in showing that a third party, brought in under rule 59, was to blame for the damage to the libelant."

It seems to be settled that if the libelant had failed to establish its contention, and the proofs had exculpated the city of Milwaukee from blame, the costs of the city of Milwaukee would not have been taxable against libelant, but against the Tug Company which was instrumental in bringing the city into the litigation under the provisions of the fifty-ninth rule. In The Chas. Tiberghien (D. C.) 148 Fed. 1016, the court says:

"The question is whether an unsuccessful libelant should be responsible for the costs incidental to the bringing in of a third party by the claimant of the vessel. The practice has uniformly been in this district to hold a party who brings in a third one liable for the latter's costs, where there is a dismissal of the petition. This is based in sound reasoning, inasmuch as the third party is brought in by and for the protection of the party invoking the remedy under or by analogy to rule 59."

The principle seems to be that in such a case the costs will be taxed against the party who renders it necessary that such costs and expenses should be incurred. This seems to be an equitable principle. Applying it to the instant case, the libelant was solely responsible for the costs and expenses incurred by the Tug Company. It brought such company into litigation, and failed to maintain its contention against it. Why should it not reimburse the innocent party, whom it has brought in and compelled to incur these costs and expenses? Certainly the city of Milwaukee had no responsibility in the premises as between it and the Tug Company. The costs and expenses of the Tug Company were largely incurred before the city of Milwaukee was brought into the case, and there would seem to be no equitable ground upon which these costs should be taxed against the city of Milwaukee.

There is another equitable feature, which must not be lost sight of. The libelant, having failed to establish its contention against the Tug Company, would have gone out of court with empty hands and liable for a full bill of costs in favor of the Tug Company, had not the Tug Company caused the city of Milwaukee to be brought in by its petition under the fifty-ninth rule. The Tug Company was thus instrumental in rendering the libelant's recovery possible. It seems, therefore, only fair that the libelant should be held responsible for the costs and expenses of the Tug Company.

In admiralty, as in equity, the prevailing party is generally entitled to costs; but they do not necessarily follow the decree, and are always in the exercise of a sound discretion, to be allowed, withheld,

or divided, according to the equities of the case. The E. A. Shores, Jr. (D. C.) 79 Fed. 987. In Benedict's Admiralty (4th Ed.) § 488, we find this doctrine:

"Costs are always in the discretion of the court, and while, in most cases, the award of costs follows the decree, this is only because the court, in its discretion, allows it to be so. The court has entire power to decree for a party to the full amount claimed. and yet award costs against him, or to divide the costs, or to refuse costs altogether. Circumstances of equity or iniquity, of hardship or of negligence, induce the court in many cases to depart from the rule that costs follow the decree. The disposition of the costs of the suit is often used by the court as a means of amercing either of the parties for misconduct, or for inducing unreasonable and unnecessary litigation. Such matters vary with the varying circumstances and equities of particular suits, and numberless instances can be found in the Reports."

Under the peculiar circumstances of this case, I believe that a wise exercise of the discretion vested in the court requires that a clause be inserted in the decree providing that the Tug Company tax its costs against the libelant, including a proctor's fee of $20. The libelant is entitled to recover against the city of Milwaukee a full bill of costs, including a proctor's fee.

A decree may be framed in accordance with this opinion.