O'KEEFE et al. v. STAPLES COAL CO.

(District Court, D. Massachusetts. July 30, 1912.)

No. 261.

ADMIRALTY (§ 122*)—COSTS—DECREE AGAINST PARTY BROUGHT IN.

The owners of a schooner, injured by striking a drawbridge under which she was being towed, brought suit against the owner of the tug, which brought in the county owning and operating the bridge, under admiralty rule 59 (29 Sup. Ct. xlvi) and decree was rendered in favor of libelants against the county only. *Held*, that libelants were entitled to tax against the county all their costs, except the clerk's and marshal's fees made on the process issued against respondent, and that respondent was entitled to tax its proctor's fees against libelants and its remaining costs against the county.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 797–827; Dec. Dig. § 122.*]

In Admiralty. Suit by John S. O'Keefe and others, owners of the schooner Sarah D. Thompson, against the Staples Coal Company, owner of the tug Cohannet; the County of Bristol, Mass., being impleaded. On taxation of costs.

See, also, 201 Fed. 131, 135.

---

D. Gardner O'Keefe, of Taunton, Mass., and Fitz Henry Smith, Jr., of Boston, Mass., for libelants.

Richard P. Borden, of Fall River, Mass., for Staples Coal Co.

Frederick S. Hall, of Taunton, Mass., and Albert P. Worthen, of Boston, Mass., for Bristol County and county commissioners.

DODGE, Circuit Judge. My rulings on the questions raised are as follows:

1. On exceptions, whether those by the county of Bristol or the county commissioners, to the libel, or to the Staples Company's petition, or those by the Staples Company to the answers to its petition, filed on behalf of the county or on behalf of the county commissioners, I allow no costs to any party. I see nothing that would in any event be taxable, except the proctor's fee to the party in whose favor the decision went. But the proctor's fee is only taxable on final hearing, and, on the authorities, I do not think any of these hearings on exceptions were final hearings.

2. Libelants' costs: The libelants are to have a decree in their favor for the full amount of their damages against the county. It is true that their libel did not make any claim against the county, but only against the Staples Company, which owned the tug. That company having brought in the county under rule 59 (29 Sup. Ct. xlvi), the county answered the libel and there was one trial, involving the question whether either or both these defendants were liable for the damages therein claimed, which trial resulted as above. I think all this entitles the libelants to tax against the county the clerk's fees on their libel, the libelants' share of the stenographer's fees at the trial, the fees and travel of all witnesses summoned by the libelants, and a proctor's fee, but not the clerk's or marshal's fees on the process issued against the Staples Company.

3. Costs of Staples Coal Company: The result having been to exonerate this defendant and to hold the county liable for the libelants' damages, I think this defendant is entitled to costs against the county as the losing party, consisting of the clerk's fees on its petition, the marshal's fees for serving process under it, summoning the county and the county commissioners as representing the county, its shares of the stenographer's fees at the trial, the fees of all witnesses called by it at the trial, but not a proctor's fee, because the only purpose of its petition was to make the county answer the libel.

4. Costs as between Staples Coal Company and libelants: The Staples Company answered the libel, which as to it will stand dismissed in the final decree. I think this entitles it to tax its remaining costs as upon dismissal of the libel—that is, a proctor's fee—against the libelants.

In The Starke (D. C.) 182 Fed. 498, a case very similar to this, the claimant of the tug recovered its costs from the libelant, but precisely what costs does not appear. The libelant in the same case recovered a full bill of costs against the municipality held liable for the accident. It makes no difference to the Staples Coal Company, if its costs are paid, whether the libelants or the county pays them. The

county, as the party held responsible for the damage, ought, it would seem, to be liable to the party which brought it into court, for such costs as were necessarily incurred in order to bring it in, as well as those incurred in the trial of the issues raised between them.