## GENERAL TALKING PICTURES CORPORATION v. JOHN DeMARCE.[1]

May 27, 1938.

No. 31,302.

[1]Reported in 279 N. W. 750.

*Hymen Z. Mendow* and *John I. Davis,* for appellant.

*R. F. Schroeder, F. M. Butler,* and *Louis Zimmerman,* for respondent.

HOLT, JUSTICE.

This is an appeal from a judgment in favor of plaintiff in an action to recover on past-due promissory notes executed by defendant to plaintiff under and pursuant to a contract for the lease of certain talking motion picture projecting equipment, and for attorneys' fees. The trial was to the court. There being no settled case or bill of exceptions, the only inquiry is whether the findings sustain the conclusions of law.

Plaintiff, a New York corporation, is a manufacturer of sound-reproducing equipment. Defendant operates a moving picture theatre in Benson, Minnesota. In October, 1930, the parties entered into a contract under which defendant, for a consideration, was licensed to use one of plaintiff's machines. As part of the transaction, defendant also executed installment notes according to which payment was to be made. Both contract and notes were prepared by plaintiff in New York, sent to and signed by defendant in Benson, and returned to plaintiff in New York for execution. Thereafter the equipment was shipped and installed by plaintiff's engineers.

Defendant sought to avoid liability for the following reasons, *inter alia:* (1) A prior rescission; (2) false and fraudulent representations inducing the contract; (3) coercion by threat of litigation; (4) illegality of the contract because in restraint of trade in violation of the Sherman Antitrust and Clayton Acts. He further counterclaimed, under purported authority of the antitrust laws, for treble the amount of damages alleged to have been suffered by him in his business, for the asserted violation thereof. The trial court found adversely to the defendant on all the issues and made findings of fact and conclusions of law against him. Except as to the claim involving violation of the antitrust laws, the determination of the trial court was final, and has been so considered by

counsel. That issue alone presents the question to be decided on this appeal.

The following provisions of the contract are attacked as "tying agreements" restraining trade in violation of the federal laws (Clayton Act, § 3, 15 USCA, § 14):

"8. The Exhibitor shall not obtain any additional, renewal, spare or assembled parts for the Equipment otherwise than through the Company and the Company agrees to furnish and supply the same upon the terms above set forth.

"The Exhibitor shall keep, maintain and operate the Equipment together with any renewals or replacements thereof in such manner as may be from time to time prescribed by the Company and only by such persons whose efficiency is first certified by the Company, and the Exhibitor shall not remove, shift, alter, change, modify, add to, take anything from or use any other device with the Equipment, or any part thereof in the reproduction of sound, or break any seal thereon. The exhibitor may, however, take all reasonable steps consistent with the intent hereof to correct or repair the Equipment in the event of any accident or breakdown."

The appellant also cites the following paragraphs in support of his position:

"12. The title to and ownership of the Equipment and of all parts or other equipment at any time furnished hereunder, and of all drawings, prints, tools and instructions shall be and remain in the Company, all of which shall be returned to it by the Exhibitor at the expiration or sooner termination of this license.

"13. The Exhibitor shall permit the Company's agents to have access to the Theatre at all reasonable hours for the purpose of installing, examining and inspecting the equipment, and the Company will at the Exhibitor's sole cost and expense make such repairs, renewals or alterations as the Company may from time to time deem necessary."

Appellant also invites attention to the finding that plaintiff's agent made representations that if defendant bought "bootleg" equipment he would be subject to lawsuits.

The trial court found that during the time the defendant operated the equipment here involved he ordered and used additional and renewal parts from concerns other than the plaintiff's and used such parts on his equipment without objection from the plaintiff. It further found that defendant was not obliged to and did not accept the terms and conditions for the installation of the equipment because of any threat or by reason of any false and fraudulent representations and inducements made by the plaintiff to the defendant. Its most important finding on the branch of the case we are now considering was:

"That the agreement, hereinbefore set forth, does not have a necessary and inevitable tendency to produce material and unreasonable restraint of interstate commerce in violation of the Sherman Antitrust Act and the Clayton Act."

■ Was the making of the contract and the installation of the equipment an interstate transaction and so subject to the Sherman and Clayton Acts? We answer that question in the affirmative. It is true that the findings show that the defendant had some preliminary negotiations with plaintiff's representative in Minneapolis, but the contract had not at that time been prepared. It was subsequently made out, together with the notes by plaintiff, in New York City and mailed to the defendant and sent to Benson, where he signed it "free of interference from plaintiff." The answer and the findings indicate that the contract was then returned to New York City for the signature of the plaintiff. The defendant seems to have regarded the transaction as interstate commerce because in his amended answer he pleads that the contract effected a substantial lessening of competition as between the plaintiff and competing manufacturers in violation of the Sherman Antitrust Law and the Clayton Act. It is true that he also charges a violation of the Minnesota restraint of competition act, but the counterclaim rests solely on the federal acts and the case seems to have been tried upon

the theory that the contract was subject to those acts, since the court made no findings as to whether the contract violated the Minnesota act. The making of the contract itself was obviously an interstate transaction, and the installation of the complex and intricate equipment by plaintiff's engineers was purely incidental and did not remove the transaction from the field of interstate commerce. York Mfg. Co. v. Colley, 247 U. S. 21, 38 S. Ct. 430, 62 L. ed. 963, 11 A. L. R. 611; Palmer v. Aeolian Co. (8 Cir.) 46 F. (2d) 746, 752; General Talking Pictures Corp. v. Shea, 185 Ark. 777, 49 S. W. (2d) 359; Moline Furniture Works v. Club Holding Co. 280 Mich. 587, 274 N. W. 338. Where it requires an expert with highly technical knowledge to make equipment accomplish the purpose for which it is sold and to satisfy the buyer, this court has regarded the necessity of sending such an expert into this state to accomplish the result as not taking the transaction out of the field of interstate commerce. J. C. Boss Eng. Co. v. Gunderson B. & T. Co. 168 Minn. 183, 209 N. W. 876. It appears that the parties regarded the provisions relative to the furnishing of subsequent repairs as separable and inoperative since no attempt was made to enforce those provisions, and repairs were furnished by competitors without objection.

■ The Supreme Court of the United States has repeatedly said that the restrictions imposed by the Sherman Act set up a "standard of reasonableness." They are aimed at contracts and combinations which by reason of intent or the inherent nature of the contemplated act prejudice the public interest by unduly restraining competition or unduly obstructing the course of trade. Sugar Institute, Inc. v. United States, 297 U. S. 553, 597, 56 S. Ct. 629, 80 L. ed. 859, and cases therein cited. The Clayton Act (15 USCA, § 14) prohibits tying agreements which substantially lessen competition or tend to create a monopoly in any line of commerce. We think that a tying agreement which requires the lessee or purchaser of such equipment as here involved to purchase repair parts from the maker of the equipment is not necessarily unreasonable restraint of trade. It may quite reasonably be necessary in order to effect satisfactory service to the lessee or buyer.

"Where a practice is not inherently unlawful and unfair, and its legality depends upon its effect, a finding that it has a dangerous tendency unduly to hinder competition or create a monopoly, must be based upon its effect as demonstrated upon the experience of competitors." Federal Trade Comm. v. Paramount Famous-Lasky Corp. (2 Cir.) 57 F. (2d) 152, 157.

We think the effect of the tying agreements here complained of was an open question of fact for the trial court's determination and that its finding adverse to the defendant is conclusive against him in the absence of a settled case which shows such finding not to be sustained by the evidence.

■ A further reason why this defense is not available to the defendant is want of jurisdiction in the state courts to consider this defense. 15 USCA, § 15, provides:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States * * * without respect to the amount in controversy, and shall recover threefold the damages by him sustained * * *"

Generally, if an act of congress gives a penalty to the party aggrieved, without specifying a remedy for its enforcement, it is cognizable in state courts. Claflin v. Houseman, 93 U. S. 130, 23 L. ed. 833. But the above quoted provision of the Clayton Act, supplementing a similar one in the Sherman Act, has been widely construed by both state and federal courts to vest exclusive jurisdiction of issues arising under the antitrust laws in the federal courts alone. Blumenstock Bros. Adv. Agency v. Curtis Pub. Co. 252 U. S. 436, 40 S. Ct. 385, 64 L. ed. 649; D. E. Loewe & Co. v. Lawlor (C. C.) 130 F. 633; Venner v. New York Cent. R. Co. 94 N. Y. Misc. 671, 158 N. Y. S. 602; Id. 177 App. Div. 296, 328, 164 N. Y. S. 626, affirmed, court of appeals, 226 N. Y. 583, 123 N. E. 893; Id. 249 U. S. 617, 39 S. Ct. 391, 63 L. ed. 803. The compelling reason, in view of the clear language of the act, is best expressed by the court in D. E. Loewe & Co. v. Lawlor [130 F. 634]:

"Congress was dealing with a delicate problem when it gave us the Sherman act, and it would seem to have been the thought that since a subject was up over which the federal jurisdiction was absolute it would be well to intrust its exploitation to the federal judiciary."

Whether the issue is raised by plaintiff or a counterclaiming defendant, the result is the same. Pennsylvania-Dixie Cement Corp. v. H. Wales Lines Co. 119 Conn. 603, 178 A. 659.

Defendant argues, however, that "the illegality of any contract may be urged by way of defense." We cannot agree. Whether by way of attack or defense, once raised, the issue is the same. Its determination in either case would require this court to apply federal law, the construction of which is expressly and exclusively placed with the federal courts. The "exploitation" of that "delicate problem" must be left to the jurisdiction of the tribunals designated by the government which created the defense. There is nothing in Fox Film Corp. v. Muller, 192 Minn. 212, 255 N. W. 845, to the contrary. In the first place, the issue herein was not there raised. Furthermore, we but construed the federal decision of United States v. Paramount Famous Lasky Corp. (D. C.) 34 F. (2d) 984, affirmed 282 U. S. 30, 51 S. Ct. 42, 75 L. ed. 145, to mean that an arbitration clause, held illegal by the court, "permeates and vitiates the whole contract." The relief here sought is in substance that provided by the antitrust laws. The fact that it is urged by way of defense alone does not change its complexion. Awarding of treble damages is based upon the prerequisite determination of the invalidity of the questioned contract. The real issue is the determination in the first instance whether or not the act is violated.

Judgment affirmed.