Eugene F. Frink, Appellant, v. Elliott McEldowney et al., Respondents.—

No opinion. Munder, Acting P. J., Shapiro and Benjamin, JJ., concur; Martuscello and Brennan, JJ., dissent and vote to reverse the order and to deny the motion, with the following memorandum: On the basis of the affidavits and exhibits submitted on the motion, there are factual issues which cannot be resolved as to whether plaintiff is a "public official" (*New York Times Co.* v. *Sullivan*, 376 U. S. 254) and, if so, as to whether the alleged libel was published in defendants' newspaper with malice or reckless disregard for the truth. Our opinion in *Gilberg* v. *Goffi* (21 A D 2d 517) should not be read to mean that one in plaintiff's position as legal advisor to a town is per se a public official. In *Gilberg* we found that the plaintiff there had "entered the fray" of the conflict-of-interest controversy. In the case at bar the record raises factual issues concerning plaintiff's public involvement in the garbage disposal site dispute in the Town of Amenia either through public statements or advice to the town board. Even if plaintiff were found after trial to be a public official, the pleadings sufficiently raise an issue as to actual malice or reckless disregard for the truth by defendants. Proof of either at trial would allow plaintiff to recover (*Cole Fisher Rogow, Inc.* v. *Carl Ally, Inc.*, 29 A D 2d 423; *Kremer Constr. Co.* v. *Garfinkel*, 31 A D 2d 766).