594 P.2d 603 (1979)
NATIONAL CIGARETTE SERVICE CO., INC., Plaintiff-Appellee,
v.
Harvey FARR and Billy Dahlem, Individually and as a partnership, Defendants-Appellants.
No. 77-1106.
Colorado Court of Appeals, Division III.
April 19, 1979.
*604 Michael B. Lavinsky, Denver, for plaintiff-appellee.
Jake R. Valdez, Denver, for defendants-appellants.
STERNBERG, Judge.
Plaintiff, National Cigarette Service Company, Inc., sued defendants, Harvey Farr and Billy Dahlem, for damages for breach of two profit-sharing agreements. The agreements authorized National Cigarette to install cigarette vending machines in two of defendants' restaurants for a term of three years and provided that during that time defendants were not to permit any other cigarette vending machines or cigarette sales on the premises.
Defendants admitted in their answer that they had permitted competitive cigarette vending equipment on the premises, but raised as a defense, inter alia, that the agreements were in violation of state and federal anti-trust laws. See § 6-4-101, C.R.S.1973 (1978 Cum.Supp.); Clayton Anti-Trust Act, 15 U.S.C. § 14 (1976). Defendants also counterclaimed for treble damages under the Clayton Anti-Trust Act, 15 U.S.C. § 15 (1976), but withdrew that claim before trial. The trial court found for National Cigarette and defendants appeal. We affirm.
Defendants' first contention is that the trial court lacked subject matter jurisdiction. They argue that the federal district courts have exclusive jurisdiction over claims brought under the Clayton Anti-Trust Act, and that when they interjected a defense grounded on that statute, the case should have been removed to the federal district court. Defendants ask this court to vacate the trial court's judgment, or to instruct the trial court to order National Cigarette to remove the case to the federal district court. This request is inappropriate under both substantive and procedural law governing removal of cases from state to federal courts.
National Cigarette's breach of contract claim does not arise under "any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies," and thus it could not have been brought in the federal district court. See 28 U.S.C. § 1337 (1976). Nor is there diversity of citizenship, nor any other federal question presented so as to accord the federal courts subject matter jurisdiction. See 28 U.S.C. § 1331 (1976); 28 U.S.C. § 1332 (1976).
Furthermore, in order to require removal, the basis of the federal court's jurisdiction must be disclosed in plaintiff's complaint, unaided by anticipated defenses or counterclaims. See Louisville & Nashville *605 R.R. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); American Oil Co. v. Egan, 357 F.Supp. 610 (D.Minn.1973); Eickhof Construction Co. v. Great Northern Ry., 291 F.Supp. 44 (D.Minn.1968). Thus, 28 U.S.C. § 1441(a) (1976), which serves as the statutory basis for removal, precludes this case from being removed to the federal district court ab initio, as only those cases in which the federal court had original jurisdiction may be removed. See Eickhof Construction Co. v. Great Northern Ry., supra; 1 W. Barron & A. Holtzoff, Federal Practice & Procedure § 102 (C. Wright rev. 1960).
Defendants have ignored the procedure for removal provided for in 28 U.S.C. § 1446 (1976) and instead ask this court to remand to the trial court to order plaintiff to remove the case to the federal court. The provisions of 28 U.S.C. § 1441(a) (1976) preclude removal by a plaintiff.
Additionally, the state court's jurisdiction of this contract claim was not lost by defendants raising their Clayton Act defense. Rather, we hold that the state court had authority to rule on the validity of the anti-trust violation defense. See American Oil Co. v. Egan, supra; E. Bement & Sons v. National Harrow Co., 186 U.S. 70, 22 S.Ct. 747, 46 L.Ed. 1058 (1902); Harold Butler Enterprises # 97, Inc. v. Vanlandingham, 264 Or. 414, 505 P.2d 1149 (1973); Vendo Co. v. Stoner, 105 Ill.App.2d 261, 245 N.E.2d 263 (1969).
Defendants' reliance on General Talking Pictures Corp. v. De Marce, 203 Minn. 28, 279 N.W. 750 (1938) and Pennsylvania-Dixie Cement Corp. v. H. Wales Lines Co., 119 Conn. 603, 178 A. 659 (1935), is misplaced. To follow these cases would lead to striking the very defense on which defendants rely without affecting the complaint.
Defendants also urge that the trial court erred in its conclusion that the agreements were not violative of either the federal or state anti-trust laws. They argue that the exclusive nature of the agreements and the fact that National Cigarette has approximately 200 similar agreements with establishments in the Fort Collins and Weld County area, lessens competition and tends to create a monopoly in violation of the Clayton Anti-Trust Act. However, we agree with the decision of the trial court.
The burden of proving a contract is illegal is on the party so asserting, Associated Press v. Taft-Ingalls Corp., 340 F.2d 753 (6th Cir. 1965); and defendants have failed to prove the contracts foreclose competition in a substantial portion of the line of commerce affected. See Tampa Electric Co. v. Nashville Coal Co., 365 U.S. 320, 81 S.Ct. 623, 5 L.Ed.2d 580 (1961); Smith v. Scrivner-Boogaart, Inc., 447 F.2d 1014 (10th Cir. 1971). Similarly, they failed to prove that the contracts violated § 6-4-101, C.R. S.1973 (1978 Cum.Supp.), by monopolizing or attempting "to monopolize any part of the trade or commerce in this state." See Q-T Markets, Inc. v. Fleming Companies, Inc., 394 F.Supp. 1102 (D.Colo.1975). Specifically, the agreements are limited as to both time and location.
Judgment affirmed.
COYTE and SMITH, JJ., concur.