**In the Matter of MARKET RESPONSE GROUP, INC., a Michigan Corporation, Debtor.**

**Bankruptcy No. 81–06636–G.**

United States Bankruptcy Court, E. D. Michigan, S. D.

May 19, 1982.

Shelia J. Solomon, Kutinsky, Davey & Solomon, Madison Heights, Mich., trustee.

James O. Thompson, August, Thompson, Clarke & Shefman, P.C., Birmingham, Mich., for debtor.

MEMORANDUM OPINION AND ORDER

RAY REYNOLDS GRAVES, Bankruptcy Judge.

The question for consideration is: May former counsel to the creditors' committee in a Chapter 11 bankruptcy proceeding subsequently be appointed to represent the trustee in the same Chapter 7 proceeding? This Court finds that the role of counsel to the creditors' committee is not *per se* in conflict with the role of counsel to the trustee when said counsel is subsequently appointed to represent the trustee.

On December 18, 1981, this Court issued an order appointing the law firm of Rice, Rice and Gilbert as counsel for the official creditors' committee. On March 3, 1982, the creditors' committee moved to convert this case from a Chapter 11 to a Chapter 7; this Court granted said motion on that same day. A trustee, Shelia J. Solomon, was thereafter appointed, and the trustee presented an application to the Court requesting authority to employ Rice, Rice and Gilbert as her attorneys pursuant to 11 U.S.C. § 327 and Rule 215 of the Bankruptcy Rules of Procedure.

Although the trustee's application disclosed that Rice, Rice and Gilbert then represented the creditors' committee, and that said law firm would withdraw from such

representation should the Court grant the trustee's request, the Court found that such employment would not be in the best interest of the fair, efficient and impartial administration of the estate; thus, this Court denied the trustee's application on April 7, 1982. On May 14, 1982, the Court heard oral argument on the trustee's Motion for reconsideration of application for authority to employ attorneys.

We note at the outset that it is not the trustee's power or privilege to employ counsel of her choice that we question. Rule 215 of the Bankruptcy Rules of Procedure and 11 U.S.C. § 327 expressly authorize the trustee to employ professional persons, with the Court's approval, when those professional persons do not hold interests that are, or may potentially be, adverse to the estate. "Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel, *and reasons which make it for the best interest of the estate to have the Court select the attorney over the trustee's objection should appear in the record. In re Mandell*, 69 F.2d 830, 831 (2d Cir. 1934) (emphasis supplied). It is these "rarest cases" however, with which we are concerned.

Under the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.*, creditors' committees possess a plethora of powers with respect to a trustee and the administration of a given case. For example, Section 303(g) allows a "party in interest" to petition the court to appoint an interim trustee "to take possession of the property of the estate and to operate any business of the debtor." The creditors' committee may circumvent the appointment of any trustee by bringing forth evidence that the trustee is unqualified to act pursuant to Section 321. Similarly, a trustee may be removed under § 324. Moreover, §§ 702, 703, 1104 and 1105 bring the election and removal of a trustee totally within the realm of the creditors' committee's choice.

When a creditors' committee employs an attorney to represent it, it is a reasonable inference that the committee will freely consult counsel with respect to strategy and tactics; the game plan undoubtedly calls for the securing of a plan which best favors the creditors in a reorganization, and the securing of a sale which will bring the greatest amount of proceeds in a liquidation proceeding. It is further reasonably safe to assume that creditors' confidences may be communicated to counsel throughout the period of this attorney-client relationship. Thus, we become most concerned that these confidences will not be misused to the detriment of the estate and the impartial administration of the estate when counsel withdraws from its representation of the creditors' committee and subsequently represents the trustee in the same proceeding.

This Court has the fortune of having before it a sound and well-respected body of law which delineates the duties and allegiances of attorneys to their clients. Canons 5 and 9 of the Code of Professional Responsibility make it obligatory that a lawyer should exercise independent judgment in the representation of his clients and that a lawyer should avoid even the slightest appearance of professional impropriety.

> The rights and duties arising out of the relationship of attorney and client are not measured by the yardstick of commercial or trade transactions. The relation is purely personal. The lawyer owes to his client undivided allegiance. There is no place in the relationship for its establishment by a middleman having an interest in the *res* or control of the procedure.

*Hightower v. Detroit Edison Co.*, 262 Mich. 1, 9, 247 N.W. 97 (1933). It has also been said that in considering the disqualification of an attorney, the substantial relationship test is used: "[T]he former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client." *Consolidated Theatres v. Warner Brothers*, 216 F.2d 920, 924 (2d Cir. 1954). Furthermore, it has been succinctly stated:

The Court will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation. It will not inquire into their nature and extent. Only in this manner can the lawyer's duty of absolute fidelity be enforced and the spirit of the rule relating to privileged communications be maintained.... In cases of this sort the Court must ask whether it can reasonably be said that in the course of the former representation the attorney might have acquired information related to the subject of his subsequent representation. If so, then the relationship between the two matters is sufficiently close to bring the later representation within the prohibition of Canon 6.

*T. C. Theatre Corp. v. Warner Brothers*, 113 F.Supp. 265, 268–269 (D.C.N.Y.1953). Finally, this Court notes that "even if it were forced to conclude that it had doubt that an attorney received any confidential information that doubt should be resolved in favor of attorney disqualification." *General Electric Co. v. Valeron Corp.*, 428 F.Supp. 68, 74 (E.D.Mich.1977).

As to the case under consideration, Trustee Solomon forcefully argues that she is not the adversary to the creditors' committee at bar and, therefore, her being represented by former counsel to the creditors' committee would not interfere with the efficient administration of the estate. It is further argued that confidences were not communicated to Rice, Rice and Gilbert such that adverse interests exist. In support of her position, the trustee directs the Court to the case of *In the Matter of W. T. Grant Co.*, 4 B.R. 53 (Bkrtcy.S.D.N.Y.1980), wherein the court said: "[t]he role of counsel to an official creditors' committee is not adverse to or in conflict with the role of counsel to a bankruptcy trustee if liquidation should subsequently ensue." *Id.* at 83 *quoting In re REA Holding Corp.*, 4 BCD 1249, 1253 (S.D.N.Y.1979). The syllogism that the trustee thus presents is: *W. T. Grant* teaches that no conflict is presented when former counsel to creditors' committee represents the trustee if a liquidation of the estate subsequently occurs; the case at bar has been converted from a Chapter 11 to a Chapter 7 liquidation; therefore, Rice, Rice and Gilbert may represent the trustee. This Court, however, is unwilling to engage in sophism.

We are more than cognizant of our duty to debtors, creditors and the general populace to maintain the highest degree of professionalism, and to ensure that the same is possessed by the bar. Only with the utmost scrutiny may we fulfill that responsibility. It is well settled that courts have the "responsibility to preserve a balance, delicate though it may be, between an individual's right to his own freely chosen counsel and the need to maintain the highest ethical standards of professional responsibility." *Emle Industries, Inc. v. Patentex, Inc.*, 478 F.2d 562 (2d Cir. 1973). We thus have a continuing concern that such appointments not be made a perfunctory, *pro forma* manner without full consideration of whether such employment is in the best interest of the estate.

After having reviewed Trustee Solomon's application, her motion for reconsideration, and having heard oral argument, we are persuaded that no conflicts of interest exist, or will exist, from her being represented by the law firm of Rice, Rice and Gilbert, former counsel to the Creditors' Committee. This Chapter 7 proceeding will soon come to a close and the trustee has shown to the satisfaction of the Court that such employment is necessary to the efficient administration of the estate, and that same is in the best interest of the estate. Accordingly, this Court's order of April 7, 1982 denying Trustee's Application for Authority to Employ Counsel is rescinded, and Trustee's Motion for Reconsideration is granted.

IT IS SO ORDERED.