**In re PHOTO FACTORY, INC., Debtor.**

**John B. FRANZWA, Trustee, Plaintiff,**

**v.**

**CANON U.S.A., INC., a New York corporation, Defendant.**

**Bankruptcy No. 79–02220.
Adv. No. C–25.**

United States Bankruptcy Court,
D. Oregon.

Aug. 26, 1982.

Leon Simson, Portland, Or., for John Franzwa.

Don Willner, Portland, Or., for Canon U.S.A.

ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS, TO ABSTAIN, TO REQUIRE TRUSTEE TO RETAIN NEW COUNSEL AND TO SEGREGATE FEES AND COSTS

DONAL D. SULLIVAN, Bankruptcy Judge.

Canon U.S.A., Inc., the defendant, moved to dismiss the complaint or, in the alterna-

tive, to abstain from exercising jurisdiction, and to require the trustee to retain new counsel and to segregate fees and expenses. The complaint charged violations of the federal antitrust laws. As grounds for the motion to dismiss or to abstain, the defendant objected to jurisdiction and asserted that the Bankruptcy Court lacks summary jurisdiction under the Bankruptcy Act and jurisdiction under 15 U.S.C. § 15 and 28 U.S.C. § 1337(a) over violations of the federal antitrust laws. The defendant based its other requests on its view that the trustee's complaint is frivolous. The Bankruptcy Act, as it existed prior to the enactment of the Bankruptcy Reform Act of 1978, governs this case.

Canon filed a claim against the estate for $919,471.61 arising from the debtor's failure to pay for merchandise and services. The trustee, at argument, waived any right to an affirmative judgment against Canon and limited any recovery on its complaint to an offset against Canon's claim.

The defendant's motion to dismiss and to abstain should be denied to the extent that the complaint may be used as an offset to the defendant's claim against the estate. Insofar as the complaint seeks an affirmative judgment, the motion to dismiss should be granted. The defendant's motion for other relief should be denied.

■ Necessarily, the determination of a setoff is an integral part of the summary claims process which the Bankruptcy Court is charged with administering. The law does not impose upon this process the requirement that the debts sought to be set off arise from the same transaction or that there be a segregation for plenary determination of the debt to be set off.

Under Section 68(a) of the Act (formerly 11 U.S.C. § 108[a]), the trustee has the same right of setoff given to creditors but without the restrictions imposed by Section 68(b). 4 *Collier on Bankruptcy,* § 68.20(4), p. 946 at n. 20 and § 68.13, p. 909, (14th Ed. 1978). By definition, setoff, unlike recoupment, presupposes that the debts at issue arise from different transactions. *Collier on Bankruptcy,* supra, § 68.03, p. 854 at n. 2. Since setoff is a statutory right of the trustee, the assertion of setoff normally is raised by objection to the claim. The Bankruptcy Court has express jurisdiction to determine claims under Section 2(2) of the Act and to rule on objections to claims under Section 57(f). Ruling on a claim of setoff is a part of this process and all of the cases cited by defendant are distinguishable on this basis.

The Supreme Court inferentially upheld setoff in affirming the trustee's right to a judgment upon a counterclaim asserted under Section 57(g) of the Act. The Court based its conclusion upon its opinion that the determination of the existence of the preference was "part and parcel" of the claims process over which the Bankruptcy Court has jurisdiction. *Katchen v. Landy,* 382 U.S. 323, 330, 86 S.Ct. 467, 473, 15 L.Ed.2d 391 (1965). While there may be a difference between a judgment on a counterclaim resulting from a preference under Section 57(g) and a judgment based upon an unrelated matter, there is no logical distinction under *Katchen* between considering a defense under Section 57(g) and considering a defense under Section 68(a) for the purpose of allowing or disallowing a claim. A setoff is another species of defense to a claim under *Katchen.* Where the trustee does not seek an affirmative judgment, it makes no sense to reach into the law dealing with counterclaims to find conditions to impose upon assertion of a defense. Also, *Katchen,* in interpreting the lower court's denial of summary jurisdiction to an unrelated nonpreferential counterclaim, suggests that consideration of the unrelated counterclaim as a setoff would have been proper if it had been requested. See *Katchen* at 326, n.1, 86 S.Ct. at 470, n.1.

Imposition of the requirement that the defense of setoff under Section 68(a) be dismissed or reported to the District Court under Rule 915(b) of the Bankruptcy Rules would unfairly hamper the trustee in dealing with a creditor who, ironically, in filing his claim, may have already exercised his right of setoff under Section 68 unimpeded by a similar requirement. In addition, the

fragmentation of any defense to a claim along the lines of summary and plenary jurisdiction would introduce a new concept, would delay the closing of estates, and unnecessarily burden the District Court.

 Courts other than the United States District Court may hear violations of the federal antitrust laws where the violation is asserted as a defense and where an affirmative judgment is not sought. *National Cigarette Service v. Farr,* 594 P.2d 603, 42 Colo.App. 356 (1979); *Big Top Stores v. Ardsley,* 64 Misc.2d 894, 315 N.Y.S.2d 897, aff'd 36 A.D.2d 582, 318 N.Y.S.2d 924 (1970); *Butler v. Landingham,* 264 Or. 414, 505 P.2d 1149 (1973). Section 68(a) of the Bankruptcy Act governs this case without any requirement that the antitrust defense arise from the same transaction.

It would not be appropriate to single out antitrust defenses for abstention. Set-off jurisdiction is a part of the Bankruptcy Court's traditional claims jurisdiction and there is no precedent justifying refinements for antitrust matters or any other type of defense without a very serious reason. The defendant's desire for a jury trial or for plenary treatment is not a sufficient reason under *Katchen.*

The attorney for the trustee does not have a conflict of interest arising from the fact that he represented the creditors' committee while the case was a proceeding under Chapter XI. Section 44(c) of the Act eliminates any potential conflict arising from his committee representation by providing that the prior representation of a general creditor is not alone grounds for disqualification from representing the trustee. See *Matter of Market Response Group, Inc.,* 20 B.R. 151, 9 B.C.D. 42 (Bkrtcy. E.D. Mich. 1982); *Matter of Codesco,* 18 B.R. 997 (Bkrtcy. S.D.N.Y. 1982). Furthermore, the defendant declined to serve on the creditors' committee and the attendance by defendant's counsel at the committee meetings was in an ex officio capacity only.

The trustee is already required to keep detailed records of his expenses and his attorney must keep time records. There is no need to impose such a requirement at the request of the defendant.

IT IS ORDERED that:

(1) Defendant's motion to dismiss is denied to the extent that recovery on the complaint may be off set against Claim No. 105A but is granted to the extent that plaintiff seeks affirmative relief;

(2) Defendant's motion in other respects is denied;

(3) Defendant shall answer within ten (10) days; and

(4) This matter is scheduled for a pretrial conference on Monday, September 20, 1982 at 10:00 a.m. in Courtroom 3, 900 Orbanco Building, 1001 S.W. 5th Avenue, Portland, Oregon.