**FISHER v. EXICO CO., Limited.**

Civ. No. 11554.

United States District Court
E. D. New York.

Oct. 7, 1952.

See also, D.C., 12 F.R.D. 415.

Herman Scheckner, New York City, for plaintiff.

Wolf, Popper, Ross, Wolf & Jones, New York City, Benjamin Spiegel, New York City, of counsel, for defendant.

BYERS, District Judge.

Plaintiff moves to remand this case to the Supreme Court of the State of New York, County of Queens, where it is said to have been commenced in November, 1950. The defendant is a corporation of Czecho-Slovakia, whose principal place of business is not stated. Apparently certain of its property was subjected to a writ of attachment in this case, at an undisclosed date. An order of service of the summons and complaint by publication and mail was granted on December 19, 1950. The mailing was done on December 26, 1950 but the date of actual receipt does not appear; however it was conceded at argument that the summons and complaint were actually received by the defendant more than twenty days prior to February 26, 1951 when the petition for removal was filed; that is the applicable period specified in Tit. 28 U.S.C. § 1446.

This motion is the subject of a notice dated August 21, 1952, which was argued October 1. During the interval of all but eighteen months, the following procedural steps were taken by plaintiff: A demand for jury trial was filed March 27, 1951. A note of issue was filed April 6, 1951. The plaintiff served requests for admissions under Rule 36, Fed.Rules Civ.Proc. 28 U.S.C.A.; also interrogatories under Rule 33 and procured an order to compel answers thereto; also he took the deposition of a witness under Rule 26. All these steps are consistent with his having slept on his rights to remand for failure of the defendant timely to file the petition to remove.

The plaintiff argues that there can be no such thing as a waiver of such right, since he could not even keep the defendant's time open by written stipulation, Dutton v. Moody, D.C., 104 F.Supp. 838, much less be held to its equivalent to be spelled out of his procedural tactics.

The Dutton case is explicit to the effect that since the statute in its present form does not refer to an answer, but provides for a definite period within which removal may be had, that interval is thus of statutory duration which is not subject to alteration by the parties; that decision is not open to successful challenge in the opinion of this Court. I venture to think, however, that it does not conclude the defendant's objection to the dilatory practice of this plaintiff.

The cause is one of which the court would have jurisdiction by reason of diversity of citizenship, and the failure to invoke that jurisdiction within the statutory period would have required remand if not demanded as an afterthought. The mere lapse of time is not the determining factor, in my opinion, but the above-recited affirmative steps taken by the plaintiff in furtherance of the jurisdiction somewhat belatedly enlisted, charge him with something in the nature of laches so far as his present challenge is concerned.

■ This means that in my opinion the twenty day period is not a jurisdictional requisite, but a procedural expedient intended to accomplish expedition in the disposition of causes in which this court has the power to function. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, In re Winn, 213 U.S. 458, 29 S.Ct. 515, 53 L.Ed. 873, and Moltke v. Inter-Continental, D.C., 86 F.Supp. 662 were cases in which the federal court lacked that inherent power.

Stack v. Strang, 2 Cir., 191 F.2d 106, was not a diversity case, but one in which the jurisdiction of the court did not appear from the original pleadings but the defendant became aware of the removable nature of the controversy by the terms of an order of a state court, and the petition was not filed within twenty days thereafter.

Remand, having been denied in the district court which measured the required period by the date of filing the amended complaint, was ordered by the Second Circuit Court of Appeals, which looked to the date of the said order as setting in motion the statutory period.

■ It is thought that the foregoing does not require the granting of this plaintiff's motion in view of his having availed himself of the functions of this court in con-

nection with the taking of depositions and requiring the answer to interrogatories, which were consistent only with his acquiescence in the defendant's failure to invoke the jurisdiction of the court to decide this controversy.

This conclusion is thought to accord with the opinion in Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 98, 18 S.Ct. 264, 42 L.Ed. 673, and to be in furtherance of the statutory purpose to expedite the disposition of removable controversies.

Motion denied. Settle order.