**Fritzie GREEN, Plaintiff,**

v.

**Fred ZUCK, Defendant.**

United States District Court
S. D. New York.

Aug. 3, 1955.

Stuart Halpern, New York City, for plaintiff.

Milton A. Silverman, New York City, for defendant.

DAWSON, District Judge.

This is a motion to remand the action to the Supreme Court of New York whence it was removed on the defendant's petition, pursuant to 28 U.S.C. § 1446. Plaintiff seeks to remand the action on the ground that the petition for removal was not filed within twenty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief, 28 U.S.C. § 1446(b). The defendant urges that the plaintiff is now estopped to bring on this motion to remand due to lapse of time and the steps which he has taken in this Court since the action has been in this Court.

Plaintiff is a citizen of New York, and defendant is a citizen of New Jersey. On or about February 5, 1954, plaintiff commenced the action in the Supreme Court of New York, by substituted service, seeking damages for personal injuries. The complaint was served on or about November 20, 1954, and by stipulation, the time of the defendant to move or answer was extended until January 20, 1955. On January 19, 1955, plaintiff filed in this Court a petition and bond for the removal of the action to this Court. Counting the days elapsed, this petition was filed sixty days after the receipt of a copy of the initial pleading.

Although there has been some divergence of opinion among the text-writers as to whether the requirements of 28 U.S.C. § 1446(b) that a petition for removal "shall be filed within twenty days"[1] after the receipt of a copy of the initial pleading is mandatory, the law seems to be well settled in this District that the requirement is mandatory.[2] This means that upon a proper motion by the plaintiff for remand, the Judge has no discretion to deny the motion. Thus, a stipulation of the parties extending the defendant's time to answer or move as to the complaint would not permit an extension of the period of time in which the petition for removal is to be filed.[3] However, as will be shown, "mandatory" is not synonymous with "jurisdictional".

This motion raises the question as to whether that right is one which may be lost or which a party may be estopped to assert by his own inaction or by affirmative action taken by him. The file of this case shows that the following have occurred since the action was removed to this Court:

February 8, 1955—Defendant filed his answer;

February 9, 1955—Plaintiff filed notice of motion to remand for lack of jurisdiction on the ground that defendant was not truly a citizen of a different state; plaintiff did not raise any issue as to the untimely filing of the petition for removal;

February 25, 1955—The motion to remand was denied by Judge Ryan on the ground that defendant's New Jersey citizenship was convincing.

March 7, 1955—Plaintiff filed notice of demand for jury trial.

April 14, 1955—Plaintiff's note of issue was filed.

**1.** "(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

**2.** Dutton v. Moody, D.C.S.D.N.Y.1952, 104 F.Supp. 838; Richlin Advertising Corp. v. Central Florida Broadcasting Co., D.C. S.D.N.Y.1954, 122 F.Supp. 507; see Moore, Commentaries on the Judicial Code, p. 274 (1949); Barron & Holtzoff, Federal Practice and Procedure, § 107 (1950).

**3.** Dutton v. Moody, supra.

May 5, 1955—Plaintiff filed notice of motion for a transfer of the action to the Jury Calendar of this Court. On the same day, this motion for transfer was denied by Judge Bondy because of the delay of the plaintiff in demanding trial by jury.

June 1, 1955—Defendant filed a notice for the taking of plaintiff's deposition.

The plaintiff has alleged that she was not aware of the twenty-day requirement at the time of her motion before Judge Ryan. The defendant suggests that the reason for plaintiff's present belated motion to remand is because plaintiff has now been held to have waived her right to a jury trial in this Court. The present motion to remand was filed on June 29, 1955.

Title 28 U.S.C. § 1447(c) provides:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. * * *"

It is to be noted that this section directs that the Court *shall* remand the case in the event that it shall find that it was "removed improvidently and without jurisdiction". There is no doubt that the Court has jurisdiction in this case. It was so determined by Judge Ryan. It is an action where there is diversity of citizenship and the amount in controversy is over $3,000. Therefore, there is no right to remand as a jurisdictional matter under the provisions of § 1447(c).

 The case may have been removed "improvidently" in the sense that the petition for removal was not filed within the time prescribed by the statute, but this is not a jurisdictional defect. It is well established, moreover, that where a case is improvidently removed to the Court and thereafter the party having the right to require a remand sleeps on his rights and takes affirmative action in this Court, he may be estopped to demand the right to remand.[4]

 In the instant case, the plaintiff made a motion to remand but did not raise the issue of untimely filing of the petition. When this motion was denied, plaintiff filed a note of issue and a demand for jury trial. Only after the right to a jury trial was denied did the plaintiff belatedly bring on the present motion.

There ought to be a point at which a defendant can assume that the jurisdiction of the Federal Court is secure and can concentrate on the merits rather than on the forum. If ever that point is reached, it ought to be after the question of State or Federal forum has once been argued and adjudicated. Cf. Rule 12(h), Rules of Civil Procedure, 28 U.S.C. (providing only one opportunity to make certain motions as to matters of procedure); Montgomery v. Sioux City Seed Co., 10 Cir., 1934, 71 F.2d 926. See Chevrier v. Metropolitan Opera Ass'n, D.C.S.D.N.Y. 1953, 113 F.Supp. 109.

The motion to remand is denied.

So ordered.

4. Kramer v. Jarvis, D.C.D.Neb.1948, 81 F. Supp. 360; Fisher v. Exico Co., D.C. E.D.N.Y.1952, 13 F.R.D. 195; Hamilton v. Hayes Freight Lines, Inc., D.C.E.D.Ky. 1952, 102 F.Supp. 594; Mellon v. International Shoe Co., D.C.Mass.1929, 32 F. 2d 390; Fienup v. Kleinman, 8 Cir., 1925, 5 F.2d 137; see Removal Procedure under Revised Title 28, 4 Syr.L.R. 118, 122 (1952).