**OIL TANK CLEANING CORPO-RATION, Plaintiff,**

v.

**REINAUER TRANSPORTATION CO.,** Inc., **R. T. C. No. Three Corporation** and **Bert Reinauer Defendants.**

Civ. No. 17145.

United States District Court
E. D. New York.
Feb. 11, 1957.

Solomon Pearlman, New York City, for plaintiff.

Macklin, Speer, Hanan & McKernan, New York City, Thomas F. Daly, New York City, of counsel, for defendants.

BRUCHHAUSEN, District Judge.

This is a contract action for work, labor and services.

Plaintiff moves for an order remanding and returning this cause to the Supreme Court of the State of New York, County of Kings under 28 U.S.C.A. § 1447.

Plaintiff contends that the petition for removal was not filed within twenty days of receipt of the complaint by defendant pursuant to 28 U.S.C.A. § 1446. Defendant claims that plaintiff waived its right to object by taking the deposition of one of the defendants. The plaintiff, in reply, asserts that such deposition was for the purpose of determining which of the defendants was liable.

Mention is made of the special contract calendar in the State Court, insuring a speedy trial, as compared with

**402**

a delayed trial under congested calendar conditions prevailing in this Court.

The plaintiff was in a position to institute this action in this Court, instead of the forum chosen by it, because there was diversity of citizenship and the claim exceeded $3000 in amount.

It is doubtful whether a stipulation extending time to answer also extends the twenty day period in which to remove an action to the Federal Court. In the Southern District of New York it has been held that the twenty day period is mandatory, Cf. Green v. Zuck, D.C.S.D. N.Y., 133 F.Supp. 436 (Dawson, J.), for the reasons set forth by the same learned Judge in Richlin Advertising Corp. v. Central Florida Broadcasting Co., D.C. S.D.N.Y., 122 F.Supp. 507. See also, Alexander v. Peter Holding Co., D.C. E.D.N.Y., 94 F.Supp. 299, (Byers, J.).

Whether or not the party seeking remand to the State Court waives such right, depends upon the benefit obtained by him during the period the action remained in the Federal Court or upon his attempt to obtain some advantage, or upon his postponing the motion for remand until confronted with some disadvantage.

In the case of Clark v. Southern Pacific Co., C.C.Tex., 175 F. 122, it was held that the propounding of interrogatories to witnesses constituted implied consent to Federal jurisdiction. In the more recent case of Kearney v. Dollar, D.C.Del., 111 F.Supp. 738, it was held that this did not constitute a waiver, although it appeared that the interrogatories were propounded after the argument of the motion for remand.

It is common knowledge that the discovery procedure in the Federal Courts is far more liberal than that existing in the New York State Courts. Compare New York Civil Practice Act, §§ 288, 291 and Rules 26 and 30 of the Federal Rules of Civil Procedure, 28 U. S.C.

The plaintiff contends that, in the taking of the aforementioned deposition it merely attempted to determine liability among the defendants, yet it appears that it was taken after the commencement of the action.

Under the circumstances, the plaintiff is entitled to remand, provided that it consents to forfeit the deposition. Cf. Moore's Federal Practice, 2nd Edition, Vol. 2, Par. 26.08.

Furthermore, there is persuasive reasoning that diversity jurisdiction should be abolished or, at least modified, such as is expressed in the dissenting opinion of Mr. Justice Frankfurter in Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59.

The motion is disposed of, as hereinabove indicated.