Clifford **ANDERSON** et al., Plaintiffs,

v.

**UNION PACIFIC COAL COMPANY, a corporation, and Union Pacific Railroad Company, a corporation, Defendants.**

**No. 5557 Civ.**

United States District Court,
D. Wyoming.

Oct. 20, 1971.

Nelson & Greenhalgh, Rock Springs, Wyo., and Roe, Fowler, Jerman & Dart, Salt Lake City, Utah, for plaintiffs.

Loomis, Lazear, Wilson & Pickett, Cheyenne, Wyo., and Sidley & Austin, Chicago, Ill., for defendants.

*Judge's Memorandum*

KERR, District Judge.

Plaintiffs, comprised of fifty-four former supervisory employees of Union Pacific Coal Company,[1] bring this action against the Coal Company to enforce an oral agreement which was to provide pension benefits to supervisory employees.

The case was filed on February 23, 1971, in the District Court for Sweetwater County, Wyoming. On March 29, 1971, defendants removed this case to this court pursuant to 28 U.S.C. § 1441 (c). Plaintiffs filed their motion to remand the case to state court on June 18, 1971.

The undisputed facts establish that four of the named plaintiffs are citizens of Utah and the Union Pacific Railroad Company[2] is a Utah corporation. The other named plaintiffs are citizens of Wyoming. The Coal Company, a Wyoming corporation, was completely dissolved in 1962 under the laws of Wyoming. The Railroad now owns and is in complete possession of all the assets of the Coal Company.

The plaintiffs assert in their motion to remand that since four of the plaintiffs are Utah citizens and the Railroad is also a Utah corporation, there is a lack of complete diversity of citizenship. They also contend that the Coal Company is a necessary and indispensable party to the suit, and since it is a Wyoming corporation and there are citizens of Wyoming as plaintiffs there is again a lack of complete diversity.

Since this controversy can be settled by a discussion of plaintiffs' first contention, the Court does not deem it necessary to discuss the second.

The defendants contend in their brief that the claims of plaintiffs are separate and independent of each other and under 28 U.S.C. § 1441(c), this would permit removal of the entire case to this court.

Thus the issue to be determined is whether the complaint sets out two or more claims which are separate and independent from the other. The applicable statute reads: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction". 28 U.S.C. § 1441(c).

In order for plaintiffs to prevail in their motion to remand it must be shown

---

1. Hereinafter referred to as Coal Company.

2. Hereinafter referred to as Railroad.

that their claims are not separate and independent.

The meaning of separate and independent has been set out in the case of Snow v. Powell, 189 F.2d 172 (10th Cir. 1951). The case states "The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned". The United States Supreme Court commented that "The addition of the word 'independent' gives emphasis to congressional intention to require *more complete disassociation* between the federally cognizable proceedings and those cognizable only in state courts before allowing removal". American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). (Emphasis supplied.)

A recent Ninth Circuit case stated that "Claims are not separate and independent of each other for the purpose of Section 1441(c) if multiple claims grow out of a *single actionable wrong*". (Emphasis supplied.) Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174 (9th Cir. 1969).

■■ To determine if plaintiffs suffered a single wrong, one must look to the plaintiffs' pleadings, which control. American Fire & Cas. Co. v. Finn, supra. The only actionable wrong alleged in the complaint is that the Coal Company breached its agreement promising pension benefits for supervisory employees. (The terms of the Coal Company plan were to be like that of the Union Pension Plan for non-supervisory employees.) This is the only ground upon which recovery is sought. Each of the claims for relief are based solely upon the denial of pension benefits by the Coal Company. They might differ in respect to the legal grounds for recovery but "A single wrong cannot be parlayed into separate and independent causes of action by multiplying the legal theories upon which relief is sought

* * *". Clarence E. Morris, Inc. v. Vitek, supra.

Defendants' opposition to the motion to remand is based upon the case of Reynolds v. Bryant, 107 F.Supp. 704 (D.C.N.Y.1952), involving a suit by three employees against their employer for unpaid compensation. The case held the complaint alleged nothing which indicated the three separate claims for relief were dependent upon one another. The court stated there were no allegations indicating the agreements were jointly entered into, that the parties were joint parties, or that the claims arose out of the same or interlocking transactions.

The complaint alleges a single wrong arising from related circumstances. It alleges that defendants set up a pension plan with benefits equal or better than those provided by the Union Plan in order to induce employees to "accept and remain in supervisory positions, * * *". Plaintiffs further allege that the defendant Coal Company "* * * represented to certain plaintiffs that defendant Coal Company had established a pension plan for *supervisory employees; * * *"*. (Emphasis supplied.) It was also stated that the offer of the pension plan "was made upon condition that employees would accept supervisory positions and would not form a union to establish a pension plan for supervisory employees". The plaintiffs further contend the offer was accepted since they remained in supervisory positions and did not form a union of supervisory employees. Plaintiffs assert that the agreement was breached because defendant Coal Company refused to award pensions to the plaintiffs which were equal to or better than those imposed by the union.

A Tenth Circuit case, in quoting the United States Supreme Court, stated that "* * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no sepa-

rate and independent claim or cause of action under § 1441(c)". Willoughby v. Sinclair Oil & Gas Co., 188 F.2d 902 (10th Cir. 1951).

The complaint clearly alleges that the parties jointly entered the agreement. It stated that by reason of representations concerning pension benefits the plaintiffs " * * * were induced to and did enter into and remain in the employment of defendant Coal Company as supervisory personnel * * * " and that " * * * each plaintiff performed services in anticipation of receiving said pension benefits; * * ".

A test to determine whether claims are separate and independent was devised from the Willoughby case, supra. The case states that " * * * a ready test for a separate and independent claim or cause of action is whether the satisfaction of the judgment against one party to the suit would be satisfaction against all." Willoughby v. Sinclair Oil & Gas Co., supra. This test can easily be applied to recovery by several plaintiffs, as well as to recovery against several defendants. Each plaintiff involved here, whether a Utah or Wyoming citizen, were supervisory employees and if one was held to be entitled to pension benefits under the plan for such employees, each would be, depending upon their particular qualifications to participate in the plan.

■ It should finally be noted this court has stated that courts should strictly construe removal statutes and whenever there is any doubt whether or not to remove, removal should be denied. Smith v. Voss Oil Company, 166 F.Supp. 905, 907 (D.C.Wyo.1958).

For the reasons stated above, this court holds that the claims of plaintiffs are not separate and independent for purposes of 28 U.S.C. § 1441(c), and an order should be entered remanding the action to the State Court from whence it was removed.