**Marvin GATCH, Plaintiff,**

v.

**HENNEPIN BROADCASTING ASSOCI-ATES, INC., doing business as KTCR and KTCR–FM, a Minnesota corporation, Defendant.**

No. 4–72 Civ. 424.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 7, 1972.

Larry B. Leventhal, Minneapolis, Minn., for plaintiff.

James Malcolm Williams, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

This case comes before the court by way of removal from the Minnesota Dis-

trict Court of Hennepin County. Plaintiff alleges in his complaint that he is a radio broadcaster conducting a "personality talk-radio-host and commentator show" in the Twin Cities area; that he has a contract to do so with Arrow Broadcasting Company, Inc., which in turn has purchased under a contract certain broadcasting time from the defendant radio station KTCR and KTCR-FM, a duly licensed radio station in Hennepin County, Minnesota; that while both contracts were in full force and effect he was cut off the air on several occasions without justification or excuse and not allowed to broadcast. Plaintiff himself has no direct contract with the defendant radio station but sues it in tort for alleged "illegal and unwarranted interference with defendant's contractual relation" with Arrow Broadcasting Company, Inc. The latter is not a party-defendant in this lawsuit. The complaint does not purport to and does not allege the presence of any federal question as such does not assert the violation of any federal statute and refers only quite incidentally to rules and regulations of the Federal Communications Commission with which he alleges full compliance.

The defendant has filed a one-page answer in the form of a general denial. At the hearing on the motion, however, its counsel orally asserted the defenses (1) that Arrow Broadcasting Company was and is delinquent in the amount of some $7,000 to $8,000 in its contract payments due defendant; (2) that before any lawsuit can be commenced in any event plaintiff is required to exhaust and has not exhausted his administrative remedies before the Federal Communications Commission or some other appropriate administrative agency; (3) that plaintiff's program was entitled "smut-talk" and engendered certain sex-oriented responses and caused unfavorable and unsavory publicity for the radio station, possibly putting its Federal Communications license in jeopardy if obscene talk and conversations were permitted to be broadcast over its station. This is the only alleged Federal question raised and this is not in fact asserted in either pleading.

The court having considered the matter does not believe it has removal jurisdiction in this case and so has remanded the same to the Minnesota State court. There is no diversity of citizenship here and even though the jurisdictional limit of $10,000 is alleged, removal jurisdiction would have to depend solely upon whether a Federal question is involved.

 It is well established by a long line of authority in removal proceedings that Federal jurisdiction must be disclosed "upon the face of the complaint, unaided by the answer or by the petition for removal". Gully v. First Natl Bank in Meridian, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936); North Davis Bank v. First Natl Bank of Layton, 457 F.2d 820 (10th Cir. 1972); see also Crow v. Wyoming Timber Products Co., 424 F.2d 93 (10th Cir. 1970); Romick v. Bekins Van & Storage Co., 197 F.2d 369 (5th Cir. 1952); Columbia Pictures Corp. v. Towne Theatre Corp., 282 F. Supp. 467 (E.D.Wisc.1968). Although it has been held that a suit may be removed where the real nature of the claim asserted in the complaint is Federal, irrespective of whether it is so characterized, Produce Terminal Realty Corp. v. New York N. H. & H. R. Co., 116 F. Supp. 451 (D.Mass.1953), in this case neither the complaint, nor for that matter the answer disclose any real Federal question. Collateral federal issues even if asserted by way of answer are not grounds for removal to federal court. See discussion in Moore's Federal Practice, Vol. 1A, p. 471 et seq. ¶ 0.160. In sum, plaintiff here does not seek relief arising under the laws or the Constitution of the United States, but merely asserts a tort action arising out of alleged unlawful interference by a third party with a contractual relationship. No Federal question is in any sense alleged to be an essential part of plaintiff's cause of action.

A separate order has been entered.