**Angelo MONACO et al.**

**v.**

**CAREY CANADIAN MINES, LTD., et al.**

**Civ. A. No. 80–3646.**

United States District Court, E. D. Pennsylvania.

May 8, 1981.

Timothy C. Bouton, Philadelphia, Pa., for plaintiffs.

### MEMORANDUM AND ORDER

GILES, District Judge.

Plaintiffs move to remand to state court on the ground of improper removal. The

record reflects that the removal petition was not joined by all defendants who had been served in this action. Joinder by all defendants is required by 28 U.S.C. § 1442(b). E. g., *Royster v. Carey Canadian Mines, Ltd.*, No. 81–121, slip op. at 2–3 (E.D.Pa. Feb. 26, 1981) (order remanding). Nevertheless, I shall deny the motion on the ground that plaintiff has waived his objection.

 Plaintiffs raise a technical defect in removal as grounds for remand. They do not argue that diversity is absent; in fact, from the pleadings, it appears that this case is within the original subject-matter jurisdiction of this court. Lack of subject-matter jurisdiction is not waivable, and can even be raised on appeal after judgment on the merits. *See generally* 13 C. Wright & A. Miller, *Federal Practice & Procedure*, Civil § 3522 (1975). In contrast, if a case is within the original jurisdiction of the federal court, a defect in the manner of removal can be waived. *See, e. g., Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702–06, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972). *See generally* 1A *Moore's Federal Practice* ¶ 0.157[11] (1979); 14 C. Wright & A. Miller, *supra*, Civil § 3721, at 543–45 (1976). Waiver occurs through failure to make a timely objection before proceeding on the merits. Those proceedings can be a trial, *e. g., Grubbs*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972), proceeding just short of a hearing on the merits, *e. g., French v. Hay*, 89 U.S. 238, 244–45, 22 L.Ed. 854 (1875), delay, *e. g., Knight v. International & G.N. Ry.*, 61 F. 87, 88, 90 (5th Cir. 1894), or use of court functions for discovery, *e. g., Fisher v. Exico Corp.*, 13 F.R.D. 195, 196–97 (E.D.N.Y.1952).

 In this case, plaintiffs have waited almost eight months after removal to ask for remand. In addition, they have used the functions of this court to notice, and presumably take, three depositions. This combination of delay and affirmative invocation of federal jurisdiction is enough to constitute waiver of procedural defects in removal. *See, e. g., Sun Oil Co. v. Pennsylvania Department of Labor & Industry*, 365

F.Supp. 1403, 1407 (E.D.Pa.1973); *Green v. Zuck*, 133 F.Supp. 436, 438 (S.D.N.Y.1955). Plaintiff's reliance on *Royster v. Carey Canadian Mines, Ltd.*, No. 81–121 (E.D.Pa. Feb. 26, 1981), is misplaced. In that case, Judge Shapiro specifically found no waiver. *Id.*, slip op. at 3. The motion therefore will be denied.