**MIDWESTERN DISTRIBUTION, INC., Plaintiff,**

v.

**PARIS MOTOR FREIGHT LINES, INC. & Clarence E. Herdison, Defendants.**

**No. LR-C-81-875.**

United States District Court, E.D. Arkansas, W.D.

April 26, 1983.

Frank S. Hamlin, Little Rock, Ark., for plaintiff.

Robert E. Hornberger, Fort Smith, Ark., for defendants.

Laura Hensley, Little Rock, Ark., for intervenor.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Defendants removed this case from the Circuit Court of Faulkner County, Arkansas, on December 18, 1981. In their Petition for Removal, the defendants asserted that the Court had subject matter jurisdiction because diversity of citizenship existed between the parties and the amount in controversy exceeded $10,000.00. The plaintiff now asserts that the removal was improper because the defendants, as citizens of the forum state, are precluded under the plain language of 28 U.S.C. § 1441(b) (1976) from removing the case to federal district court. Because the Court finds that the defendants improperly removed the case and that the plaintiff has not waived its right to seek remand, the Court remands the case to the Circuit Court of Faulkner County.

## I. FACTS

This case stems from a collision between two tractor-trailers on February 1, 1981, near Mayflower, Arkansas. The plaintiff, Midwestern Distribution, Inc., is a citizen of the State of Kansas. The two defendants, Paris Motor Freight Lines, Inc., and Clarence E. Herdison, who is employed as a driver for Paris Motor Freight Lines, are citizens of the State of Arkansas. The collision involved one tractor-trailer driven by Jeffrey D. Frankel and another driven by defendant Herdison. The plaintiff owned the trailer being pulled by Frankel's tractor and, by virtue of a subrogation agreement, has purportedly acquired title to the tractor. It filed suit in the Circuit Court of Faulkner County, Arkansas, on November 21, 1981, for greater than $10,000 in compensatory and punitive damages allegedly sustained in the collision.

On December 18, 1981, the defendants removed the case to the Eastern District of Arkansas. Five days later they filed their Answer and Counterclaim, in which they contended that the plaintiff was liable for physical damage caused to Paris Motor Freight Lines' tractor-trailer and for personal injuries sustained by Herdison. The plaintiff filed its reply to the defendants' counterclaim on January 8, 1982.

On January 14, 1982, Liberty Mutual Insurance Company, the workers' compensation insurance carrier for defendant Paris Motor Freight Lines, filed a Motion to Intervene in the action. Liberty Mutual con-

tended that since it had paid workers' compensation benefits and medical benefits to defendant, Herdison, it was entitled to intervene pursuant to Ark.Stat.Ann. § 81–1340 (Repl.1976) to attempt to recover its payments. Plaintiff did not object and the Court granted the motion on January 27, 1982. After Liberty Mutual filed its complaint in intervention on March 1, 1982, both the plaintiff and the defendants filed separate answers.

The parties took no further action on the case until June 23, 1982, when the plaintiff filed the pending Petition for Remand. The plaintiff contends that the case has been improperly removed because the two defendants are citizens of the State of Arkansas in whose court the case was originally filed. In its July 6, 1982, response, the defendants apparently concede that the removal was not proper. They contend, however, that due to the diversity of citizenship between the plaintiff and the defendants, this was a case that *could* have been brought in the federal district court. The defendants argue that by filing answers to the defendants' counterclaim and the intervenor's complaint and by waiting six months before filing its motion to remand, the plaintiff has effectively waived its right to seek remand.

## II. APPLICABLE LAW

■ The right to remove a state civil action to federal court under § 1441 is premised upon the existence of proper federal subject matter jurisdiction. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951); *First National Bank in Little Rock v. Johnson & Johnson,* 455 F.Supp. 361, 363 (E.D.Ark. 1978). Section 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The Court recognizes that diversity of citizenship existed when the complaint was filed and when the defendants removed the case to federal court. *See Kellam v. Keith,* 144 U.S. 568, 569, 12 S.Ct. 922, 36 L.Ed. 544 (1892). Furthermore, the amount in controversy exceeds $10,000. Therefore, this is a case that *could* have been brought in federal district court pursuant to 28 U.S.C. § 1332 (1976). *See Stevens v. Nichols,* 130 U.S. 230, 231, 32 L.Ed. 914 (1889); *New England Explosives Corp. v. Maine Ledge Blasting Specialist, Inc.,* 542 F.Supp. 1343, 1347 (D.Me.1982). *Cf. First National Bank,* 455 F.Supp. at 363 (remand mandatory where no diversity jurisdiction).

■ In addition to the subject matter jurisdiction requirement, a defendant seeking to remove a case under § 1441 must cross several other hurdles. For purposes of this case, the most critical is that created by § 1441(b):

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

(emphasis added). Thus, where subject matter jurisdiction is based solely on diversity, the case may be properly removed only if none of the defendants is a citizen of the forum state. *See Thornton v. Allstate Insurance Co.,* 492 F.Supp. 645, 648 (E.D.Mich. 1980); *First National Bank,* 455 F.Supp. at 363; *American Oil Co. v. Egan,* 357 F.Supp. 610, 613 (D.Minn.1973).

This limitation on the right to remove rests on sound public policy. The courts have recognized that, barring some jurisdictional infirmity, a plaintiff's choice of forum should rarely be disturbed. *See, e.g., Parks v. New York Times Co.,* 308 F.2d 474,

478 (5th Cir.1962); *Manas y Pineiro v. Chase Manhattan Bank,* 443 F.Supp. 418, 421 (S.D.N.Y.1978); *Maybruck v. Haim,* 290 F.Supp. 721, 724 (S.D.N.Y.1968). Congress' statutory exception to this rule under § 1441 stems from the somewhat anachronistic concern that foreign defendants may receive fairer treatment in federal court than in state court.[1] *See Lewis v. Time, Inc.,* 83 F.R.D. 455, 461 (E.D.Cal.1979); *Browne v. Hartford Fire Insurance Co.,* 168 F.Supp. 796, 797 (N.D.Ill.1959). Such a concern for local prejudice loses all justification where an *in-state* defendant seeks removal: Although a *foreign* defendant might conceivably incur the dangers of parochialism in a diversity suit, citizens of the forum state face no similar threat.

Congress apparently recognized this fact and consequently circumscribed the § 1441 removal power in diversity cases. In their attempt to carry out the congressional intent, the courts have guarded against unintended conferrals of removal jurisdiction by strictly construing § 1441. *See Anderson v. Union Pacific Coal Co.,* 332 F.Supp. 605, 608 (D.Wyo.1971); *Viles v. Sharp,* 248 F.Supp. 1019, 1021 (W.D.Mo.1965). *See also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). This Court embraces the same view.

■ The defendants in this case have failed to clear the § 1441(b) hurdle. As citizens of Arkansas, they may not properly remove a case based upon diversity jurisdiction from an Arkansas state court. *See Egan,* 357 F.Supp. at 613. Since the defendants have done so, however, the Court must still determine whether, under all of the circumstances, the case should now be remanded.

**1.** Apparently, this perceived need to remedy the threat of local prejudice can be traced at least to medieval England. In the twelfth and thirteenth centuries, the English courts started to permit litigants to request the transfer of certain cases from feudal courts to county courts and, hence, to the king's courts. *See* R. Palmer, The County Courts of Medieval Eng-

## III.  WAIVER DOCTRINE

■ As a preliminary matter, the Court notes that failure to comply with § 1441(b) is not jurisdictional. *Id. See also Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702–05, 92 S.Ct. 1344, 1347–49, 31 L.Ed.2d 612 (1972). *Cf. Finn,* 341 U.S. at 16–18, 71 S.Ct. at 541–42 (lack of subject matter jurisdiction requires remand); *Insurance Corp. of Ireland v. Campagnie des Bauxites,* 456 U.S. 694, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) (discussing waiver of jurisdictional defects). Under certain circumstances, the right to seek remand of an improperly removed case can be waived.

The clearest case for such waiver occurs where the party seeking remand has explicitly agreed to the removal. *See, e.g., Traylor v. Black, Sivalls & Bryson, Inc.,* 189 F.2d 213, 214 (8th Cir.1951); *Handley-Mack Co. v. Godchaux Sugar Co.,* 2 F.2d 435, 437 (6th Cir.1924). In such cases, the party's clear assent may vitiate the need to defer to the original choice of forum.[2]

The more troubling case arises where the removing party contends only that the right to remand has been implicitly waived. Such a case proves difficult because it forces the court to ascertain whether, through actions or inaction after removal, a party has waived or lost his right to object to the improper removal.

Courts addressing the issue have frequently emphasized two inquiries: whether the party seeking remand has acted in a timely fashion as well as whether it has sought "affirmative relief" from the federal court. *See, e.g., Monaco v. Carey Canadian Mines, Ltd.,* 514 F.Supp. 357, 358 (E.D.Pa. 1981); *Green v. Zuck,* 133 F.Supp. 436, 438 (S.D.N.Y.1955); *Fisher v. Exico Co.,* 13 F.R.D. 195 (E.D.N.Y.1952).

land 141–69 (1982). *See also* Arnold, *Book Review,* 96 Harv.L.Rev. 1162, 1163–64 (1983).

**2.** Nevertheless, in certain cases, principles of comity or judicial economy may militate against retaining the case at the federal level, particularly where the case has progressed to

## IV. PROPOSED ANALYTICAL FRAMEWORK

Although this set of inquiries offers some insight into the waiver issue,[3] it fails to ensure an appropriate analysis of the numerous interests implicated when a party seeks remand of a case that was improperly removed under § 1441(b). A court could more appropriately address the propriety of remand by considering the following set of factors:

1) The nature and gravity of the defect in removal;[4]

2) Principles of comity[5] and judicial economy;[6]

3) Relative prejudice to the parties, including deference to the plaintiff's choice of forum;[7]

4) Actions taken by the party seeking remand that imply it has affirmatively sought the federal court's intervention.[8]

an advanced state in the state court. *See* notes 5–6 *infra* and accompanying text.

**3.** The Court believes that failure to seek remand in an expeditious fashion should never form the *sole* basis of a court's decision that a party has waived its right to seek remand. *See Coletti v. Ovaltine Food Prod.,* 274 F.Supp. 719, 723 (D.P.R.1967) (there is no time limit within which plaintiff must file its petition for remand); *Noethe v. Mann,* 27 F.2d 451 (D.Minn. 1928) (mere delay, without prejudice is insufficient for ordering remand). *See also American Oil Co. v. Egan,* 357 F.Supp. 610, 614 (remand despite passage of 15 months since removal).

**4.** A strong factor in favor of remand would arise where, for example, a citizen of the forum state removes the case in violation of § 1441(b). *See* discussion *supra.* By comparison, violation of a mere procedural requirement, such as the thirty-day notice requirement prescribed in 28 U.S.C. § 1446(b), would be a less-dispositive factor in favor of remand, *see Manas y Pineiro v. Chase Manhattan Bank,* 443 F.Supp. 418, 421 (S.D.N.Y.1978), particularly where indefiniteness in the plaintiff's pleading masks the existence of diversity of citizenship. *See Gottlieb v. Firestone Steel Products Co.,* 524 F.Supp. 1137, 1140 (E.D.Pa.1981); *Fred Olsen & Co. v. Moore,* 162 F.Supp. 82, 84 (N.D. Cal.1958). *See also Powers v. Chesapeake & Ohio Ry.,* 169 U.S. 92, 98, 18 S.Ct. 264, 266, 42 L.Ed. 673 (1898).

**5.** The principle of comity is particularly relevant insofar as removal acts as a bar to state judicial proceedings. *See Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 112, 102 S.Ct. 177 (1981). Since cases that are removed based upon diversity jurisdiction involve application and interpretation of state law, comity interests become even more critical.

**6.** The courts should guard against unnecessary duplication of effort. Thus, remand should strongly be considered where the case has already progressed far in state court, where the federal court has taken little action in the case, *see Manas y Pineiro v. Chase Manhattan Bank,* 443 F.Supp. 418, 421 (S.D.N.Y.1978), or where several related actions are pending in the state court. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith v. Haydu,* 675 F.2d 1169, 1173 (11th Cir.1982). The converse would militate against remand. *See Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702–06, 92 S.Ct. 1344, 1347–49, 31 L.Ed.2d 612 (1972) (no remand after entry of judgment where original jurisdiction existed). *Cf. Thermatron Prod., Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) (remand should not be ordered merely because earlier trial date could be set in state court).

**7.** If the parties had already engaged in extensive motion practice or taken considerable discovery in federal court, they might, arguably, be unduly prejudiced by remand. *See, e.g., Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 (5th Cir.1981) (discovery). *But see American Oil Co., v. Egan,* 357 F.Supp. 610, 614 (D.Minn. 1973) (no statute of limitations problem; therefore, no prejudice); *Eubanks v. Krispy Kreme Donut Co.,* 208 F.Supp. 479 (E.D.Pa.1961) (discovery). *See also Noethe v. Mann,* 27 F.2d 451, 452 (D.Minn.1928). As noted above, courts should not ignore the plaintiff's choice of forum.

**8.** If the non-removing party has taken significant action in the federal court, such as amending the complaint to assert new legal theories, requesting injunctive relief, filing a motion for summary judgment, or invoking the aid of the court to engage in extensive discovery, then it can be forcefully argued that it has essentially acquiesced to a disposition of the case by the federal court. In such instances the right to seek remand appears less defensible, particularly where no other factors militate in favor of remand. *See, e.g., In re Moore,* 209 U.S. 490, 496, 28 S.Ct. 585, 586–87, 52 L.Ed. 904 (1908) (filing of an amended complaint); *Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 (5th Cir.1981) (discovery); *Brough v. United Steelworkers of Am., AFL–CIO,* 437 F.2d 748, 750 (1st Cir.1971) (amended complaint); *Fienup v. Leinman,* 5 F.2d 137, 139 (8th Cir.1925) (injunction procured). *But see Feller v. National En-*

Under this proposed analysis none of these factors, standing alone, would necessarily be outcome-determinative.

■ Judging from an application of these factors to the case at bar, the plaintiff has not waived its right to seek remand. The defect in removal is substantive, not merely procedural. As citizens of the forum state, the defendants' attempted removal contravenes the spirit as well as the letter of § 1441. This fact weighs heavily in favor of remand.

Second, principles of comity point toward the Circuit Court as the more appropriate forum. With the exception of one motion to intervene, this Court has·taken no action in the case.[9] The state court is fully competent to address the issues presented in this case; indeed, the state court addresses cases of this nature much more frequently than does this Court, and, of course, state law will control.

Third, no party would be prejudiced by a return of the case to the state court. No other motions are pending before the Court and the Court has not been informed that any discovery, extensive or otherwise, has been undertaken by the parties.

The defendants have failed to assert any prejudice that would result. In light of these facts, there appears to be no reason for upsetting the plaintiff's choice of forum.

Finally, the plaintiff has not undertaken affirmative actions that imply it has implicitly waived its right to seek remand. The Court notes that in addition to the pending motion for remand, the plaintiff has filed a reply to the defendants' counterclaim, which included a request for the costs in defending and answer to the complaint in intervention. The defendants contend that by filing these pleadings the plaintiff has thereby waived its right to seek remand. The Court disagrees.

The Eastern District of Pennsylvania, in *Heintz & Co., v. Provident Tradesmens Bank & Trust Co.,* 228 F.Supp. 165 (E.D.Pa. 1964), confronted a similar question. After improperly removing the case, the defendant contended that by moving to dismiss a third-party defendant's counterclaim, *see* 30 F.R.D. 171 (E.D.Pa.1962) (denying the motion to dismiss), the plaintiff had waived its right to seek remand. The court disagreed, finding that such actions by the plaintiff did not amount to a waiver. It therefore remanded the case to state court. 228 F.Supp. at 168.

The court in *Resident Advisory Board v. Tate,* 329 F.Supp. 427 (E.D.Pa.1971), reached a similar result. In that case, a group of defendants removed an action pursuant to § 1441(b). Not all of the defendants joined in the removal petition and, ultimately, those who had not joined in the petition filed a motion to remand. During the intervening period, the defendants who sought remand entered their appearance in the federal court, demanded a jury trial, and moved for a stay or dismissal of the proceedings by attacking the plaintiffs' standing. In addition, they later amended their motion to dismiss and filed a motion for a More Definite Statement and a Motion to Strike before they finally moved for remand back to the state court. *Id.* at 431–32. In spite of these acts, the court held that there had been no waiver of the right to seek remand and therefore remanded the case. *Id.*

Finally, in *American Oil Co. v. Egan,* 357 F.Supp. 610 (D.Minn.1973), the court found

---

*quirer,* 555 F.Supp. 1114, 1120–21 (N.D.Ohio 1983) (remand despite plaintiff's filing motion to quash deposition subpoena, which was granted, and filing response to motion for summary judgment); *American Oil Co. v. Egan,* 357 F.Supp. 610, 612, 614 (D.Minn.1973) (remand despite discovery); *Resident Advisory Bd. v. Tate,* 329 F.Supp. 427, 431–32 (E.D.Pa. 1971) (remand despite filing of numerous motions); *Oil Tank Cleaning Corp. v. Reinauer Transp. Co.,* 149 F.Supp. 401, 402 (E.D.N.Y. 1957) (remand despite plaintiff's discovery).

9. The Court's involvement occasioned by the motion to intervene was minimal. The same decision rendered—permitting the intervention of Liberty Mutual Insurance Company—would have undoubtedly been made by the Circuit Court had the issue been pursued in that forum. The Court finds that due to the lack of activity in either state or federal court, the judicial economy inquiry has little relevance under the facts of this case.

no waiver of the right to move for remand even though the plaintiff had filed a response to the defendant's counterclaim. *Id.* at 614. *See also Feller v. National Enquirer,* 555 F.Supp. 1114, 1120–21 (N.D.Ohio 1983) (remand ordered even though plaintiff filed a response to defendant's motion for summary judgment).

The foregoing decisions are not the only caselaw regarding the affirmative relief issue. Indeed, several decisions cited by the defendants held the plaintiff had waived its right to remand by seeking affirmative relief from the federal court. Due to obvious factual differences, the Court does not find them dispositive of the issue presented in this case.

In *Fienup v. Kleinman,* 5 F.2d 137 (8th Cir.1925), the party seeking remand had sought and received a temporary injunction from the federal court. *Id.* at 139. Such activity certainly amounts to "affirmative relief." No such relief, however, has been requested in the case at bar. In *Green v. Zuck,* 133 F.Supp. 436, 438 (S.D.N.Y.1955), the plaintiff sought remand only after she had unsuccessfully challenged the court's diversity jurisdiction, had filed a "note of issue" and had requested, but been denied, a trial by jury. *Id.* at 437–38. The plaintiff had clearly pursued *several* avenues of affirmative relief and only after each was denied by the federal court did she move for remand. No such relief has been sought by the plaintiffs in the case at bar.

The plaintiff in *Monaco v. Carey Canadian Mines, Ltd.,* 514 F.Supp. 357 (E.D.Pa. 1981), "used the functions of the court to notice, and presumably take three depositions." *Id.* at 358. The defendants in the instant case have not indicated that any discovery has been carried out by any party.[10] Even if discovery has occurred, on no occasion has the Court's authority to compel discovery been tapped by the parties.

Finally, the facts presented in *In re Morse,* 209 U.S. 490, 28 S.Ct. 585, 52 L.Ed. 904 (1907), are simply not on point. There, the plaintiff filed an amended petition for a writ of mandamus after the case had been removed. *Id.* at 496, 28 S.Ct. at 586–87. The plaintiff also "signed a stipulation giving time to the defendant to answer; and then both parties entered into successive stipulation for a continuance of the trial. . . ." *Id.* As the Court concluded, the plaintiff had indeed waived his right of remand since "[t]he mere filing of an amended petition was an appeal to [the federal] court for a trial upon the facts averred by him as they might be controverted by the defendant. And this, we have seen was followed by repeated recognitions of the jurisdiction of that court." *Id.* Again, the facts of the case at bar are clearly distinguishable.

The lesson to be gleaned from the foregoing cases is that in order for a party's actions to be deemed "affirmative," they must be aimed at securing some form of relief from the court.[11] In its reply to the counterclaim and its answer to the complaint in intervention, the plaintiff has assumed a defensive posture, not an offensive one. It is not seeking affirmative relief in the federal court; it is merely defending against the affirmative relief sought by its adversaries. Thus, even under the fourth factor of the test outlined above, the plaintiff's responsive pleadings do not constitute a waiver of its right to seek remand.[12]

## V. CONCLUSION

The Court has determined that due to the defendants' violation of § 1441(b), the interests of comity, the desirability of deferring to the plaintiff's original choice of forum, and the lack of any attempts by the

---

**10.** In its brief, the plaintiff states that no discovery has occurred.

**11.** By seeking such relief, the party essentially "takes the offensive." Such an "offensive" posture is incompatible with its subsequent motion for remand, in which it contests the court's removal jurisdiction.

**12.** The Court observes that even if the plaintiff's actions were deemed "affirmative," such a finding would be only *one* of the factors the Court would consider in connection with the motion for remand.

plaintiff to seek affirmative relief in the federal court, the case must be remanded.

It is therefore Ordered that the case be, and it is hereby, remanded to the Circuit Court of Faulkner County, Arkansas.